[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
NOV 8, 2002
THOMAS K. KAHN
CLERK

No. 00-14736

D.C. Docket No. 98-00124-CV-ILCN

CITY OF HIALEAH, FLORIDA, a political subdivision
of the State of Florida, and CITY OF HIALEAH
EMPLOYEES' RETIREMENT SYSTEM,
an operational subdivision of the City of Hialeah,

Petitioners-Appellants,

versus

ETERIO ROJAS, individually, and as a representative
of a class of persons similarly situated,
RUTH NINA, individually and as a representative
of a class of persons similarly situated,

Respondents-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(November 8, 2002)

Before TJOFLAT and WILSON, Circuit Judges, and RESTANI\*, Judge.

---

\*Honorable Jane A. Restani, Judge, U.S. Court of International Trade, sitting by
designation.

TJOFLAT, Circuit Judge:

I.

On January 21, 1998, plaintiffs Eterio Rojas and Ruth Nina filed this class action lawsuit against the City of Hialeah and the City of Hialeah Employees' Retirement System, an operational subdivision of the city, (collectively, "Hialeah") alleging national origin employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs allege that Hialeah engaged in a discriminatory policy of classifying Hispanic employees as temporary employees for longer periods of time than white employees despite the fact that the Hispanic employees were employed on a permanent basis. They further allege that, as a result of this discriminatory policy, Hispanic employees were deprived of longevity pay and retirement compensation which accrued to permanent employees, but not to temporary employees. They claim that this discriminatory policy and the resulting deprivation of longevity pay and retirement compensation for Hispanic employees constitutes a continuing violation of Title VII and section 1983 so that their claims fall within the relevant statutes of limitations.

A.

Hialeah's retirement system was established in 1956. The date when an employee becomes eligible to receive a pension is determined by a combination of

membership service years and age. Twenty years of membership service are needed to receive a full retirement benefit, which is calculated as 3% of the employee's average final compensation for each year of civil service employment. The average final compensation is based on the average of the employee's highest salary for three years of employment. Compensation includes base salary plus any longevity pay, which is a fixed amount of money added to each paycheck based on the number of years of service as a permanent employee.

At the time that the named plaintiffs were first employed by Hialeah, temporary employees were not entitled to participate in the retirement system. In 1992, Hialeah entered into a collective bargaining agreement with the employees' union under which all employees – temporary and permanent – were entitled to participate in the pension plan after nine months of employment. Although this change permitted employees to count the total number of years of service toward the time needed to receive a pension, the years spent as temporary employees are not counted in determining the amount of their pension.

Plaintiff Rojas was hired as a temporary employee in 1969. For ten years, he was administratively terminated every nine months and then rehired as a temporary employee for a new nine month period so that Hialeah could avoid classifying him as a permanent employee entitled to full benefits. In 1979, Rojas was finally hired

3

as a permanent employee. He retired from his position with Hialeah in 1993, and began collecting his pension. He was given credit for his temporary employment for purposes of determining when he became eligible to receive his pension, but not for calculating the amount of his pension. Hialeah did not count his years of temporary service when it determined his "credit service time" which would be used as a multiplier to determine the amount of his actual pension. Also, in determining his average final salary, Hialeah did not give credit for longevity pay which would have accrued if he had been a permanent employee during the time he was classified as a temporary employee.

B.

On October 8, 1997, Rojas filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that he was not receiving retirement benefits to which he was entitled because Hialeah discriminated against him by classifying him as a temporary employee from 1969 to 1979. Rojas's EEOC charge was lodged on his own behalf and on behalf of eighteen other employees, including plaintiff Nina. The EEOC issued a right to sue letter on December 8, 1997.

Plaintiff Nina is a current employee of Hialeah. She was hired as a temporary employee in 1980. Like Rojas, she was administratively terminated

every nine months and then rehired as a temporary employee so that Hialeah could avoid classifying her as a permanent employee. She did not become a permanent employee until 1991. As a result, her current salary does not reflect longevity pay for the years she was a temporary employee. Also, like Rojas, she will not receive credit for her time as a temporary employee when she retires and Hialeah calculates her pension.

## C.

On November 20, 1998, plaintiffs moved to certify a class of Hispanic employees and former employees of Hialeah who had been classified as temporary employees and had received lower salaries and/or pensions as a result. This motion was referred to a magistrate judge who filed a Report and Recommendation recommending that plaintiffs' motion for class certification be granted. The district court adopted the magistrate's Report and Recommendation and entered an order granting plaintiffs' motion for class certification. The certified class includes:

> All former and current Hispanic employees for the City of Hialeah who
>
> (a) were employed by the City prior to its abandonment of its policy to hire Hispanics as permanent "temprary" employees,
>
> (b) worked for the city longer than nine (9) months,

5

(c) worked 37 ½ to 40 hour work weeks during his or her employment with the city,

(d) were classified as "temporary" employee for longer than nine (9) months without including CETA work time and

(e) either

> (i) received retirement benefits or lengevity pay from the city within 300 days of Plintiff Rojas' EEOC charge of October 8, 1997 [i.e., December 12, 1996] which does not include credit for the time the employee was classified as a "temporary" employee; or

> (ii) who upon retirement, will receive retirement benefits from the city which will not include credit for the time the employee was classified as a "temporary" employee.

Record, vol. 3, no. 98, at 7-8.

Hialeah now appeals the court's decision to grant class certification. We have jurisdiction over this interlocutory appeal under Rule 23(f) of the Federal Rules of Civil Procedure, which provides that "[a] court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule . . . ." FED. R. CIV. P. 23(f). On appeal, Hialeah contends that class certification was improperly granted because the named plaintiffs failed to file a timely charge of discrimination with the EEOC and the court failed to conduct a "rigorous analysis" to determine whether the commonality and typicality requirements for class certification have been met.

II.

A.

This Court requires that a plaintiff who wishes to bring a lawsuit on behalf of a class of individuals similarly situated must first satisfy two prerequisites: "(1) the named plaintiff must have standing to bring the claim, and (2) the requirements of Rule 23 must be fulfilled." Carter v. West Publ'g Co., 225 F.3d 1258, 1262 (11th Cir. 2000). Although Rule 23(f) limits our review to the district court's order granting class certification, "a determination on standing is a part of the class certification analysis, and thus, subject to review under Rule 23(f)." Id. at 1263.

To have standing to represent a class, the named plaintiff's claims must be timely filed. Id.; see also Great Rivers Co-op. v. Farmland Indus., 120 F.3d 893, 899 (8th Cir. 1997) ("Inherent in Rule 23 is the requirement that the class representatives be members of the class . . . . Here, [the class representative] is not and cannot be a class member because his claim is time barred; consequently, he cannot represent the class."). Title VII requires a plaintiff to file a charge with the EEOC within 180 or 300 days of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e). "Pursuant to the 'single-filing rule,' '[a]s long as at least one named plaintiff timely filed an EEOC charge, the precondition to a Title VII action is met for all other named plaintiffs and class members.' " Carter, 225 F.3d

7

at 1263 (quoting <u>Griffin v. Dugger</u>, 823 F.2d 1476, 1492 (11th Cir. 1987)). In this case, the named plaintiffs and the class rely on Rojas's EEOC complaint. If Rojas's EEOC complaint was not timely filed, the named plaintiffs lack standing to bring this action on behalf of the class, and we must reverse the district court's class certification. See <u>id.</u>

Plaintiffs argue that Rojas's EEOC charge was timely filed because Hialeah's policy of classifying Hispanics as temporary employees based on national origin combined with the resulting deprivation of longevity pay and retirement compensation amount to a continuing violation of Title VII so that all of Hialeah's unlawful actions fall within the required time period. We disagree.

"In determining whether a discriminatory employment practice constitutes a continuing violation, this Circuit distinguishes between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does." <u>Carter</u>, 225 F.3d at 1263 (quoting <u>Thigpen v. Bibb County</u>, 223 F.3d 1231, 1243 (11th Cir. 2000) (quoting <u>Calloway v. Partners Nat'l Health Plans</u>, 986 F.2d 446, 448 (11th Cir. 1993))). The term "practice" "appl[ies] to a discrete act or single 'occurrence,' even when it has a connection to other acts." <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, __ U.S. __, 122 S. Ct. 2061, 2071, 153 L. Ed. 2d 106 (2002). "There is

8

simply no indication that the term 'practice' converts related discrete acts into a single unlawful practice for the purposes of timely filing." Id. If the victim of an employer's unlawful employment practice does not file a timely complaint, the unlawful practice ceases to have legal significance, and the employer is entitled to treat the unlawful practice as if it were lawful. United Air Lines, Inc. v. Evans, 431 U.S. 553, 558, 97 S. Ct. 1885, 1889, 52 L. Ed. 2d 571 (1977) ("A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed . . . it is merely an unfortunate event in history which has no present legal consequences."). Because time-barred discriminatory conduct has no legal significance, neutral policies that give present effect to the time-barred conduct do not create a continuing violation. Id.

In Evans, United Air Lines forced a female flight attendant to resign when she married because of its policy against employing married female flight attendants. Id. at 554, 97 S. Ct. at 1887. Evans did not sue United for sex discrimination under Title VII when she was forced to resign. Id. at 554-55, 97 S. Ct. at 1887. Instead, she sued after she was re-hired, alleging that United engaged in a continuing violation of Title VII because its seniority system did not give her credit for her prior service. Id. at 556, 97 S. Ct. at 1888. The Supreme Court held

that, although the seniority system gave "present effect to a past act of discrimination," there was no continuing violation because "a challenge to a neutral system may not be predicated on the mere fact that a past event which has no present legal significance has affected the calculation of seniority credit . . . ." Id. at 558, 560, 97 S. Ct. at 1889-90.

In Carter, plaintiffs brought a class action lawsuit against West Publishing, alleging that West had denied female employees the opportunity to purchase stock in the company on the basis of sex. 225 F.3d at 1260. Instead of suing when they were denied the opportunity to purchase stock, however, plaintiffs waited until after West had discontinued selling stock to any employees and sued under a continuing violation theory because they did not receive dividends that were paid to stockholders. See id. at 1261. We held that these facts did not constitute a continuing violation because the denial of dividends pursuant to a neutral dividend payment scheme was merely a present consequence of past discriminatory conduct which fell outside of the statutory limitations period. Id. at 1265. Because the named plaintiffs' claims were time-barred, we held that they lacked standing to bring an action on behalf of the class, and we reversed the district court's class certification. Id. at 1266-67.

We see no significant difference between the instant case and Evans or

Carter.  If the alleged facts are true, Hialeah committed an unlawful employment practice against Rojas each time it failed to elevate him to permanent status because of his national origin.  Although Rojas knew that white employees were being elevated to permanent status while Hispanic employees like him were not, he did not file a complaint with the EEOC until 1997, eighteen years after Hialeah ended its unlawful employment practices against him by elevating him to permanent status.  To satisfy the statutory timely filing requirements, Rojas argues that Hialeah has engaged in a continuing violation because its method of calculating the amount of pension payments does not factor in time spent as a temporary employee.  As in Evans and Carter, Hialeah's denial of credit for temporary service in determining retirement compensation is merely a present consequence of past discrimination which has no present legal significance because it lies outside of the statutory limitations period.  Hialeah's retirement compensation system is neutrally applied; it denies credit for temporary service time to all employees, not just Hispanic employees.  Although this neutral policy has a more dramatic effect on Hispanic employees because they were kept in temporary status longer than other employees, this fact does not make Hialeah guilty of a continuing violation.  Because Rojas was last denied permanent employment status prior to 1979 and he did not file an EEOC complaint until 1997,

11

his claims are time-barred and he lacks standing to bring this action on behalf of a class of similarly situated Hispanic employees and former employees.

Nina also lacks standing to bring a Title VII claim on behalf of the class. As with Rojas, Hialeah committed an unlawful employment practice against Nina each time it denied her permanent status because of her national origin. She alleges that Hialeah's system of calculating longevity pay constitutes a continuing violation because it does not credit time spent as a temporary employee. Hialeah's system for calculating longevity pay is also neutral; all employees are denied credit for time spent as temporary employees. Although Hispanics are more dramatically affected than other employees, this is merely a present consequence of past discriminatory conduct which has no legal significance because it is time-barred. Hialeah's discrimination against Nina ended when she was hired as a permanent employee in 1991. She was named in Rojas's EEOC complaint which was not filed until 1997. Therefore, Nina's claims are also time-barred and she does not have standing to bring this action on behalf of the class.

B.

The named plaintiffs also lack standing to bring this class action under

12

section 1983.[1]  Plaintiffs must bring a section 1983 claim arising in Florida within

four years of the alleged unlawful discriminatory practice.[2]  Burton v. City of Belle

Glade, 178 F.3d 1175, 1188 (11th Cir. 1999).  As in Title VII cases, neutral

policies that give present effect to time-barred discriminatory conduct do not create

a continuing violation which renews the limitations period.  See Thigpen,223 F.3d

at 1243 (quoting Calloway, 986 F.2d at 448).

The named plaintiffs filed this lawsuit on January 21, 1998.  As we explain

above, there is no continuing violation because Hialeah's policies for determining

retirement compensation and longevity pay are neutral policies that merely give

present effect to time-barred discriminatory conduct.  For Rojas, the filing date in

this action was nineteen years after the discriminatory conduct against him ended

when he was hired as a permanent employee in 1979.  For Nina, it was seven years

after the discriminatory conduct against her ended when she was hired as a

permanent employee in 1991.  Because the named plaintiffs failed to bring their

section 1983 claims within four years of the alleged discriminatory conduct, their

---

[1]  We feel that it is necessary to note here that section 1983 creates no substantive rights; it merely creates a remedy for deprivations of federal constitutional and statutory rights.  Almand v. Dekalb County, 103 F.3d 1510, 1512 (11th Cir. 1997).  In this case, the source of plaintiffs' substantive rights is the Equal Protection Clause of the Fourteenth Amendment.

[2]  Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-250, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)).

claims are time-barred, and they lack standing to bring this action on behalf of the class. We therefore reverse the class certification with respect to section 1983 as well as Title VII.

Because we find that the named plaintiffs in this case lack standing to bring a class action lawsuit under Title VII and section 1983, we need not address whether the procedural requirements of Rule 23 have been fulfilled.

III.

For the foregoing reasons, we hold that the district court's certification of this class was improper.

**REVERSED**.