**Reginald COTTON, Plaintiff,**

v.

**MARTIN COUNTY, FLORIDA, Defendant.**

No. 03–14058–CIV.

United States District Court, S.D. Florida.

Feb. 27, 2004.

David Victor Kornreich, David Andrew Young, Akerman Senterfitt, Orlando, FL, for Plaintiff.

Thomas John Butler, Miami Beach, FL, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant Martin County's Motion for Summary Judgment (DE # 35) and Plaintiff Reginald Cotton's Motion to Toll the Statute of Limitations and Corresponding Motion for Partial Summary Judgment (DE # 40).

## I. INTRODUCTION

Plaintiff Reginald Cotton worked as an engineering assistant for Defendant Martin County (the "County") from 1985 to 1991 or 1992.[1] He first alleges that the County discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), when it did not rehire him in both May 1999 and December 2001 on the basis of his bi-polar condition (count I). Cotton next moves pursuant to 42 U.S.C. § 1983 in alleging that the County violated his liberty interests under the due process clause of the fourteenth amendment by failing to provide Cotton with a name-clearing hearing or opportunity to respond to memorialized disciplinary actions, performance evaluations and a memorandum discussing an alleged criminal charge during his employment (counts II & III). Cotton also argues that relief is warranted under state law for the County's alleged negligent and intentional misrepresentation regarding the whereabouts and contents of his personnel file, as well as negligent maintenance of the file (counts IV, V & VI). The County also allegedly fraudulently concealed the file when it refused Cotton access to it (count VII). Finally, Cotton asserts that he is entitled to injunctive relief (count VIII).

For the reasons discussed below, the County's motion is GRANTED IN PART and Cotton's motions are DENIED.

## II. DISCUSSION

### A. Summary Judgment Standard

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. *Twiss v. Kury*, 25 F.3d 1551, 1554 (11th Cir.1994). The moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). An issue of fact is "material" if it is a legal element of the

---

1. The record is unclear as to Cotton's exact termination date. However, this discrepancy is immaterial to the Court's analysis.

claim under the applicable substantive law which might affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.*

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. *Anderson*, 477 U.S. at 254, 106 S.Ct. 2505. Summary judgment may be granted if the nonmovant fails to adduce evidence which, when viewed in a light most favorable to him, would support a jury finding in his favor. *Id.* at 254–55, 106 S.Ct. 2505.

Additionally, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Id.*

### B. Timeliness of Claims

#### 1. ADA Claim Stemming from 1999 Failure to Hire

The Court first addresses the timeliness of Cotton's claims contained in count I, alleging an ADA violation based on his unsuccessful May 1999 application for employment as a traffic signal technician.

■ An ADA plaintiff must exhaust administrative remedies by filing a charge of discrimination with the EEOC within 300 days [2] of the alleged unlawful employment practice. *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1263 (11th Cir.2001). Cotton filed his charge on or about May 4, 2002 (the "2002 EEOC charge"), well beyond the 300 days from the claim of discrimination allegedly arising from the County's 1999 failure to hire him. Moreover, the 2002 EEOC charge alleged a violation stemming only from the 2002 failure to hire and did not mention the 1999 failure to hire as part of the alleged discrimination. (DE # 26, Pl.'s Am. Compl., Ex. A.) Therefore, the County's 1999 failure to hire Cotton is time-barred.

#### 2. 42 U.S.C. § 1983 Deprivation of Liberty Claims

■ Concerning Cotton's allegations of § 1983 violations in counts II and III, the

---

**2.** Because Florida is a deferral state, a plaintiff has 300 days to file a charge.

statute of limitations for those claims are governed by the forum state's residual personal injury statute. *Burton v. City of Belle Glade,* 178 F.3d 1175, 1188 (11th Cir.1999). Florida imposes a four-year limitations period on such claims. Fla. Stat. Ann. § 95.11(3); *City of Hialeah v. Rojas,* 311 F.3d 1096, 1103 (11th Cir.2002). Cotton filed the instant complaint on February 11, 2003. Thus, Cotton's claims of deprivation of liberty interests based on written reprimands, poor performance evaluations and a memorandum regarding alleged criminal conduct, all occurring during Cotton's employment with the County, are beyond the statute of limitations and, absent equitable tolling, will not be considered.

Cotton argues that the County is estopped from relying on the statute of limitations as to the § 1983 claims because it fraudulently concealed his personnel files from him. Cotton alleges that he requested his files in 1990 and annually from 1992 to 2003, but was never provided access to what should have been a part of his file. Rather, Cotton avers that the only items in the file when he reviewed it were his résumé, original application for employment and professional certifications, and that documentation that could damage his future job prospects were missing. Consequently, Cotton argues that he was never given an opportunity to clear his name of the damaging information contained in the County's public records.

 Fraudulent concealment can serve to equitably toll a statute of limitations for filing a § 1983 claim. To establish fraudulent concealment under these circumstances, Cotton must prove that the County (1) successfully concealed the cause of action, and (2) employed fraudulent means to achieve that concealment. *Doe v. Cutter Biological,* 813 F.Supp. 1547, 1555–56

(M.D.Fla.1993). If a plaintiff has knowledge of the facts giving rise to the action attempting to be tolled despite a defendant's attempted concealment, equitable tolling cannot be employed. 35 Fla. Jur.2d, Limitations and Laches § 95 (1996) ("[T]he tolling effect of any effort at concealment is ended when knowledge is acquired by the plaintiff . . . .").

Here, the record is replete with evidence that Cotton was aware of the facts that form the basis of his claims as to performance evaluations and other documentation concerning the quality of his work with the County, thus disabling the possibility of equitable tolling for his liberty interest claims based on those documents. For example, in his deposition testimony and as evidenced by the exhibits thereto, Cotton admits to receiving written warnings accusing him of sleeping on the job (DE # 38; Pl.'s Dep. at 79–83) and absenteeism (DE # 39; Pl.'s Dep., Ex. 14), poor evaluations (DE # 38; Pl.'s Dep. at 90; DE # 39, Pl.'s Dep. at 253–59) and a document extending Cotton's probationary period (DE # 38; Pl.'s Dep. at 96–97). Indeed, the evaluations show that Cotton expressly waived appeal of their findings, notwithstanding his unsupported assertion that he orally requested such. Moreover, even if the affidavits of Cotton and County employees regarding the County's alleged practice of shifty maintenance of personnel files are true, Cotton had knowledge of the documents which cast him in a negative light and of his ability to appeal these findings.

Cotton fails to demonstrate that the facts establishing his causes of action were unknown to him and, accordingly, cannot satisfy the first prong of establishing fraudulent concealment for these liberty interest claims. *See, e.g., Crummer Co. v. Du Pont,* 255 F.2d 425 (5th Cir.1958) ("If in fact the alleged efforts of defendants to conceal their activities adverse to appel-

lants' interests were not successful ... then it would not be necessary to inquire into the motivations [ ] of [defendants'] efforts to conceal."); *see also Doe*, 813 F.Supp. at 1555–56 ("[p]laintiff need only have notice of the possible invasion of his legal rights[ ]" for statute of limitations period to begin). Cotton's reliance on *Florida Department of Health & Rehabilitative Services v. S.A.P.*, 835 So.2d 1091 (Fla.2002), is misplaced. In that case, the plaintiff alleged that she had "little or no actual memory of the incidents which serve as the subject of this complaint." 835 So.2d at 1099–1000. Those "incidents" involved alleged physical abuse inflicted by employees of a state agency upon the plaintiff when she was three or four year old. "[T]he trauma and abuse which she endured caused her to lose any active memory of the incidents in question." *Id.* The agency's alleged fraudulent concealment and falsification of files and obstruction of a criminal investigation into the abuse further served to delay the plaintiff's knowledge of the facts that formed the basis of her claim. Conversely, in the present case, it is undisputed that Cotton was aware of both the allegedly stigmatizing materials in his record and of his ability to appeal their findings at or around the time they were produced, notwithstanding any negligence or fraud by way of the County's alleged concealment of Cotton's personnel files.[3] Those acts giving rise to Cotton's § 1983 deprivation of liberty interests claims arising before February 11, 1999 are therefore barred from consideration, with a single exception discussed below.

■ Cotton argues that the limitations period for claims arising from the March

15, 1991 memorandum to him from Donald E. Hollman addressing a criminal charge and illness (DE # 39; Pl.'s Dep., Ex. 4) (the "March 15, 1991 memorandum") should also be tolled due to the County's alleged concealment. Like the evaluations and other memoranda found to be time-barred above, the March 15, 1991 memorandum contains Cotton's signature, presumably acknowledging receipt of the document. However, unlike the time-barred materials, the March 15, 1991 memorandum does not reflect that Cotton expressly declined to appeal its findings. Cotton in fact argues that he informed Hollman that the criminal charges were dismissed. Viewing the evidence in the light most favorable to Cotton, including the affidavits of other County employees alleging practices of concealment, a genuine issue of material fact exists as to whether the County fraudulently concealed the fact that the memorandum was part of Cotton's file. Consequently, given Cotton's assertions that he informed the County of the dismissal of the criminal charges and that, upon review of his personnel file, the March 15, 1991 memorandum did not appear, Cotton could have reasonably believed that he did not need to exercise his legal rights concerning the memorandum's negative implication on his reputation. A factual issue exists as to whether the County concealed the inclusion of the memorandum in Cotton's file and whether Cotton could be deemed to have knowledge of the facts forming the basis of this claim, thus foreclosing the statute of limitations defense at summary judgment.

### C. Count I: Discrimination under ADA

■ Cotton alleges that the County denied him an engineering assistant posi-

---

**3.** Although courts discussing fraudulent concealment under Florida's statutes of limitations have found that the issue is a question of fact to be decided by the jury, *see, e.g., Moecker v. Honeywell International, Inc.*, No. 5:97–

Cv–329–Oc–10, 2000 U.S. Dist. Lexis 21191 (M.D.Fla. Oct. 23, 2000), there are no undisputed material facts as to Cotton's knowledge of the possible infringement upon his legal rights concerning this issue.

tion in December 2001 because of his bipolar condition. The *McDonnell Douglas* test is applied to disability discrimination claims. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a prima facie case of discrimination, Cotton must show that he: (1) is disabled; (2) was a qualified individual who could perform the essential functions of the position, with or without reasonable accommodation; and (3) was discriminated against because of his disability. *Terrell v. USAir,* 132 F.3d 621, 624 (11th Cir.1998). In addition, Cotton must show that the employer had actual or constructive knowledge of the disability. *Gordon v. E.L. Hamm & Assocs., Inc.,* 100 F.3d 907, 910 (11th Cir.1996). If a prima facie case is established, the burden shifts to the County to provide legitimate, nondiscriminatory reasons for not hiring Cotton. Should the County set forth permissible reasons for its decision, Cotton is left with the burden of proving that those reasons did not actually motivate the County's action.

Assuming *arguendo* that Cotton has established a prima facie case, the record indisputably proves that the County had legitimate, nondiscriminatory cause to reject Cotton's application. The Court does "not sit as a super-personnel department that reexamines an entity's business decisions." *Chapman v. AI Transport,* 229 F.3d 1012, 1030 (11th Cir.2000) (citations omitted). Rather, it is incumbent on the employee to present evidence that his employer's proffered nondiscriminatory reason for its action, provided it is a reasonable one, is mere pretext for discriminatory motive. *Id.* ("Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.").

The County states that it rejected Cotton's application for employment because of his past performance record with the County. The County refused to hire Cotton pursuant to its own policy regarding review and rejection of employment applications. Specifically, section 3.05(4) of the Martin County Board of County Commissioner's Employment Policies provides that an application may be rejected if "[t]he applicant's past performance record is unsatisfactory as determined by the Department Director."

Cotton's evaluations from his County employment show poor performance and absenteeism having nothing to do with his alleged bi-polar condition. (*See, e.g.,* DE # 39; Pl.'s Dep., Exs. 3, 12–15). Cotton's supervisors reviewed the evaluations with him and provided numerous warnings concerning his substandard performance. Cotton has not established that Rosamond Vandergrift, the decision-maker for Cotton's 2001 employment application, even reviewed his application and file. The County's human resources office, as per its ordinary practice when former employees applied for re-employment, pre-screened Cotton's application for past performance and other disqualifying factors. The record plainly demonstrates that Cotton's past performance served as a legitimate, nondiscriminatory reason for not hiring Cotton in 2001. A reasonable employer would be well-justified in refusing to hire Cotton based on his performance history as a County employee. Cotton has not refuted this reason with evidence of pretext for disability discrimination.[4] Cotton's ADA claim asserted in count I therefore fails.

---

4. Although evidence submitted by Cotton reflects disturbing conduct predicated on racial bigotry carried out by County supervisors, such as forced use of separate bathrooms and water fountains, this alleged conduct occurred several years earlier and is otherwise

### D. Counts II & III: § 1983 Deprivation of Liberty Interests

To demonstrate a prima facie case of deprivation of a liberty interest, a public employee must prove the presence of: "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing." *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1042–43 (11th Cir.1989) (footnotes omitted). The only alleged stigmatizing statement which is not time-barred, the March 15, 1991 memorandum memorializing criminal charges filed against Cotton, is easily disposed of on its merits.[5]

First, the memorandum is clearly not a false statement. Cotton admits that he was criminally charged, but states that the charge was dismissed. The memorandum simply states that Cotton was charged and provides the relevant disciplinary code section in the event a County employee is subsequently convicted. In addition, the memorandum did not attend Cotton's discharge. Cotton has presented no evidence, aside from his counsel's unsupported contentions, to refute that the County laid him off (along with other County employees) due to budgetary concerns. He only asserts that the memorandum attended his discharge because the two events occurred within the same year. However, Cotton still fails to provide any evidence that the stigmatizing statements

"occur[red] during the course of the termination." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1302 n. 1 (11th Cir.2001) (concluding that stigmatizing statements need not necessarily result in termination to qualify as "attending" discharge).

Although, in an abundance of caution, the County presents arguments concerning the applicability of Cotton's § 1983 claims to a County employee's 1999 statements regarding his mental condition and the County's submission of allegedly false information to the EEOC, nowhere do Cotton's filings suggest that these communications form the bases of his § 1983 claims. A liberal reading of Cotton's complaint and response to the County's motion for summary judgment does not reveal that Cotton's § 1983 claims incorporate Deborah Jordan's 1999 statements regarding Cotton's mental health or the County's reference to criminal conduct in its EEOC submission. Rather, the causes of action stemmed from the County's failure to provide Cotton a name-clearing hearing or opportunity to respond to written reprimands and performance evaluations of which Cotton was aware during his employment and are time-barred, and the March 15, 1991 memorandum, which fails as a matter of law. Accordingly, counts II and III are dismissed.

### E. Counts IV–VII: State Law Claims Regarding Personnel Files

The Court, having dismissed the federal claims forming the substance of this action,

---

irrelevant to Cotton's disability discrimination claims.

5. Due to the generality with which Cotton refers to the numerous allegedly stigmatizing materials that may give rise to one of his § 1983 liberty interest claims, the Court will attempt to address the actionable potential of any and all of these materials that have been made part of the record, even if not specifical-

ly identified by the parties. These primarily include various "written reprimands." To the extent these materials did not alert Cotton to his ability to appeal their findings or otherwise impute knowledge to him of facts forming the basis of his claims, *see* sec. II(B)(2), *supra*, the Court's analysis of the "attending an employee's discharge" prong of the *Buxton* requirements applies to these materials.

declines to exercise jurisdiction on the remaining claims for negligent and intentional misrepresentation, negligent maintenance of personnel files and fraudulent concealment, all of which are grounded in state law. *See generally* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction).

### F. *Count VIII: Injunctive Relief*

Lastly, Cotton seeks injunctive relief in count VIII, but provides no support or reference for this claim. However, because the Court has dismissed the claims which presumably established the foundation for injunctive relief, count VIII is dismissed.

### III. CONCLUSION

UPON CONSIDERATION of the motions and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that Defendant Martin County's Motion for Summary Judgment (DE # 35) is GRANTED IN PART as to the federal claims asserted and Plaintiff Reginald Cotton's Motion to Toll the Statute of Limitations and Corresponding Motion for Partial Summary Judgment (DE # 40) are DENIED. The Court declines to exercise jurisdiction over the remaining state law claims. This case is CLOSED. All pending motions not otherwise ruled upon are DENIED AS MOOT.