[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 16, 2008
THOMAS K. KAHN
CLERK

No. 07-13971
Non-Argument Calendar
_____

D. C. Docket No. 06-22883-CV-JAL

EUGENE HUNTER, JR.,

Plaintiff-Appellant,

versus

ROBERT MILLER,
MIAMI-DADE COUNTY SHERIFF'S OFFICE,
d.b.a. Metro Dade Police Department,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(May 16, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Eugene Hunter, Jr., a Florida prison inmate proceeding pro se, brought this 42 U.S.C. § 1983 action against Robert Miller, a Metro-Dade police officer, claiming that Miller filed a false affidavit in support of an application for a warrant for Hunter's arrest. The affidavit was false, he alleges, because it represented that Miller had shown the victim of a robbery (purportedly perpetrated by Hunter) a photographic lineup with six photos, whereas he had shown the victim only one photo, a photograph of Hunter. Acting pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), the district court dismissed the suit sua sponte, as time-barred. Hunter now appeals.

We review de novo a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). The standard for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6) applies to our review of a dismissal under § 1915(e)(2)(B)(ii). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). A complaint should not be dismissed under Rule12(b)(6) unless there is no proof the complainant could present in support of the complaint that would entitle him to relief. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc). However, "[a] complaint is . . . subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show

that an affirmative defense bars recovery on the claim." Id.

"Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." City of Hialeah v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). Although the limitations period in § 1983 actions is governed by the forum state's law, the time of accrual of the cause of action is governed by federal law. Kelly v. Serna, 87 F.3d 1235, 1238-39 (11th Cir. 1996). Section 1983 actions do not accrue until the plaintiff knows or has reason to know both (1) that he has been injured, and (2) who has inflicted the injury. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987).

The district court erred in dismissing Hunter's complaint as time-barred under Florida's four-year statute of limitations because the evidence in the record did not demonstrate that there was no proof Hunter could present to support his claim that he is entitled to relief. Marsh, 268 F.3d at 1022. We therefore vacate the district court's dismissal order and remand the case for further consideration. In view of this disposition, we need not address the question of whether the limitations period was equitably tolled.

VACATED AND REMANDED.