[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 06, 2010
JOHN LEY
CLERK

No. 09-16108
Non-Argument Calendar

_____

D. C. Docket No. 09-60421-CV-WJZ

BILLY JAMES LEWIS, JR.,

Plaintiff-Appellant,

versus

JAMES BARNICK,
FELIPE RODRIGUEZ,
STEVEN BOLGER,
HOLLYWOOD POLICE DEPT.,
CITY OF HOLLYWOOD, FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 6, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Billy James Lewis, Jr., a Florida state prisoner, appeals the district court's dismissal of his *pro se* civil rights complaint alleging that Florida police officers violated his constitutional rights during his arrest in 2004. For the following reasons, we vacate and remand.

On March 13, 2009, Lewis filed a civil rights action alleging constitutional violations and conspiracy under 42 U.S.C. §§ 1983, and 1985(3) in connection with his arrest in April 2004. He later filed an amended complaint providing further detail for these allegations and adding state law claims.[1]

The magistrate judge recommended dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted because the complaint was not filed within the four-year statute of limitations. Although the magistrate judge considered Florida's tolling provisions, the judge concluded that Lewis's status as a prisoner did not fall within the provision.

Lewis filed objections to the recommendation, in which he argued that he had filed a complaint in 2007 by placing the complaint in the prison mail system,

---

[1] On appeal, Lewis proffers no argument regarding the dismissal of these state law claims.

and eighteen months later, when he had not receive a response from the court, he filed the instant complaint. He argued that the 2007 complaint, which raised the same constitutional claims as the 2009 complaint, tolled the limitations period, but he did not clearly assert that the instant complaint served as an amendment to the 2007 complaint. It does not appear from the record that the district court docketed the 2007 complaint.

The district court adopted the recommendation of the magistrate judge and dismissed the complaint without addressing Lewis's claim that he filed a complaint in 2007.

On appeal, Lewis raises two issues. First, he argues that the district court erred in not applying the "prison mailbox rule," and dismissing his § 1983 complaint as barred by the statute of limitations. Second, Lewis argues that the district court erred in finding that Florida's tolling statute, Florida Statute § 95.051, did not toll the statutory period.

A court "shall dismiss" a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A district court's dismissal of a complaint for failure to state a claim is reviewed *de novo*, "viewing the allegations in the complaint as true." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

3

"Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). Thus, "[p]laintiffs must bring a section 1983 claim arising in Florida within four years of the alleged unlawful [conduct]." *Id.* at 1103. "To dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar." *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (internal quotations omitted). When a *pro se* prisoner files a complaint under § 1983, "the date of filing shall be that of delivery to prison officials . . . for the purpose of ascertaining timeliness." *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (emphasis omitted).

Lewis's § 1983 complaint filed on March 13, 2009, was untimely as to the 2004 events. When it adopted the magistrate judge's recommendation, however, the district court failed to consider or address the status of the 2007 complaint. The 2007 complaint would be timely under the "mailbox rule." Although Lewis did not explicitly argue that the 2009 complaint is an amendment of the 2007 complaint, we must consider Lewis's *pro se* status and the fact that he submitted a copy of the 2007 complaint bearing the prison mail stamp. The failure of the district court to docket the 2007 complaint should not be held against Lewis, and

4

the district court's failure to address the status of the 2007 complaint before dismissing the 2009 complaint is questionable. *See, e.g.*, *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (holding that *pro se* prisoner's second motion to vacate under 28 U.S.C. § 2255 was an amendment to the first § 2255 motion where prisoner acted diligently to correct defect in initial pleading).[2] Accordingly, we vacate and remand for the district court to (1) determine the status of the 2007 complaint, and (2) address its impact, if any, on the current action.[3]

**VACATED and REMANDED.**

---

[2] We note that Lewis waited eighteen months after he filed the 2007 complaint to file again and he does not allege that he attempted to learn the status of his 2007 complaint during that time. In fact, the record does not show whether the 2007 complaint was ever docketed. But these are factual issues the district court can address on remand.

[3] Because we conclude remand is necessary we need not address whether Fla. Stat. § 95.051 tolled the limitations period.