[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11496
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00305-MP-CJK


DAN SCHMIDT,

                                                                    Plaintiff-Appellant,

versus

KRISTA NAVARRO,
MITCH PITTS,
Bay Co. Sheriff's Office Lieutenant Individually
and/or Acting Under Color of State Law,
JAMES WINTERS,
Florida Department of Corrections Probation and Parole
Agent Individually and/or Acting Under Color of State Law,

                                                                    Defendants-Appellees,

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                                    Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 12, 2014)

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dan Schmidt, a pro se state prisoner proceeding in forma pauperis, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed Schmidt's complaint without prejudice "as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for [Schmidt's] abuse of the judicial process." Specifically, the district court dismissed Schmidt's complaint as a sanction for his failure to disclose two prior federal actions on his standard prisoner complaint form. On appeal, Schmidt argues that the district court abused its discretion because his omissions were unintentional. After review, we affirm.

Pursuant to § 1915(e)(2)(B)(i), a district court must dismiss an in forma pauperis action if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). We review for abuse of discretion a district court's sua sponte dismissal under § 1915(e)(2)(B)(i). Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is

2

not influenced by any mistake of law." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (quotation marks omitted).

Generally, a dismissal without prejudice does not constitute an abuse of discretion because the plaintiff may simply refile his complaint. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (concluding that dismissal without prejudice for failing to file a court-ordered brief was not an abuse of discretion). Where, however, a dismissal without prejudice has the effect of precluding the plaintiff from refiling his complaint because the statute of limitations has run, it is tantamount to a dismissal with prejudice. Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Dismissal with prejudice is a drastic sanction to be used only where lesser sanctions are not appropriate. Id. Under § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (applying prior version of § 1915(e)(2)(B)(1), then codified as § 1915(d), and affirming a dismissal with prejudice).

Here, the district court did not abuse its discretion in dismissing Schmidt's complaint. Schmidt filed his action on a standard prisoner complaint form, which required him to answer a series of questions about his previous lawsuits under penalty of perjury. In response to one question, Schmidt indicated that he had never filed any previous actions in federal court that had been dismissed as

3

frivolous, malicious, or failing to state a claim or prior to service. The complaint form also warned that the failure to disclose all prior civil cases could result in the dismissal of his present action and that if he was unsure of any prior cases, "that fact must be disclosed as well." Schmidt wrote next to his answer, "not to my memory." Schmidt, however, had at least two earlier federal actions dismissed prior to service or for abuse of judicial process. Thus, under penalty of perjury, and knowing that failure to disclose these two prior actions could lead to dismissal, Schmidt failed to include those two dismissed federal actions on his complaint form.

We cannot say it was an abuse of discretion for the district court to sanction Schmidt for his omissions, especially given that the dismissal was without prejudice and Schmidt can refile his complaint. We note that Schmidt does not argue that he will be precluded from refiling a complaint with the same claims. Furthermore, a review of the dismissed complaint indicates that the operative facts began in October 2011, when Defendant Krista Navarro brought civil and criminal charges against Schmidt, suggesting Schmidt was (and is) still within the applicable four-year statute of limitations. See City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) (explaining that the limitations period for

4

§ 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years).[1]

Schmidt contends the dismissal was improper because it was <u>sua sponte</u> and he was not given notice and an opportunity to respond. The record belies this claim. A magistrate judge issued a report ("R&R") recommending that Schmidt's action be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i), and Schmidt objected to the R&R. The district court reviewed the R&R <u>de novo</u> before adopting it and dismissing Schmidt's complaint. Under the circumstances, Schmidt received adequate notice and an opportunity to respond and was not denied due process. See <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001) (finding no due process violation where the plaintiff was given an opportunity to object to the R&R, and the district court conducted a <u>de novo</u> review before dismissing the complaint <u>sua sponte</u> under § 1915(e)(2)(B)).

To the extent Schmidt argues that the instant dismissal and his two earlier dismissals do not constitute "strikes" under the three-strikes provision in 28 U.S.C. § 1915(g), the district court dismissed Schmidt's complaint as malicious under § 1915(e)(2)(B)(i), not as a violation of § 1915(g). See <u>Brown v. Johnson</u>, 387 F.3d 1344, 1347-48 (11th Cir. 2004) (explaining that there are "three separate

---

[1]Schmidt's complaint includes allegations that Defendant Navarro breached a business contract with Schmidt in "July or August of 2010." To the extent Schmidt asserted state contract claims, they still are not barred by Florida's five-year statute of limitations. See Fla. Stat. § 95.11(2)(b).

provisions of the PLRA"—§§ 1915(e)(2)(B), 1915(g), and 1915A—any of which may be used to dismiss a complaint brought by a prisoner proceeding in forma pauperis). By its terms, § 1915(e)(2)(B)(i) applies to all complaints filed in forma pauperis, without regard to the plaintiff's past litigation. Thus, whether any of these three dismissals constitutes a "strike" under § 1915(g) is not an issue presented in this appeal. Also, contrary to Schmidt's claims, § 1915(e)(2)(B) applies regardless of whether the plaintiff is challenging his conditions of confinement.

For these reasons, the district court did not abuse its discretion when it dismissed Schmidt's complaint without prejudice pursuant to § 1915(e)(2)(B)(i). Because dismissal as a sanction under § 1915(e)(2)(B)(i) was proper, we do not address Schmidt's arguments as to the sufficiency of the pleadings in his complaint.

**AFFIRMED.**