[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15459
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-23983-PCH


JOEL BARCELONA,

                                                        Plaintiff-Appellant,

versus

DETECTIVE LISA K. FOGELGREN,
North Miami Beach Police Department,
CHIEF OF POLICE, NORTH MIAMI BEACH POLICE DEPARTMENT,
William D. Berger,
DETECTIVE JAMES MOORE,
North Miami Beach Police Department,
SERGEANT MARCIA MARION,
North Miami Beach Police Department,
ANTHONY HERSHEY,
Crime Scene Technician, North Miami Beach Police Department,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 29, 2016)

Before WILLIAM PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Joel Barcelona, a Florida prisoner proceeding pro se, appeals the sua sponte dismissal of his § 1983 action for failure to state a claim upon which relief may be granted.  After careful review, we affirm the district court.

I.

In October 2015, Barcelona filed this 42 U.S.C. § 1983 action against the police chief, two detectives, a sergeant, and a crime scene technician from the North Miami Beach Police Department.  He claimed a violation of his rights under the Due Process Clause of the Fourteenth Amendment.  Barcelona asserted that on February 7, 2003, he surrendered to the police department for questioning with head injuries and stab wounds in his thigh.  He alleged that the defendants were deliberately indifferent to his obvious medical need as a pretrial detainee by refusing to treat his injuries, and that their failure to act caused him harm. Barcelona said that he suffered from dizziness, irreparable hearing loss, severe headaches, vision problems, and nerve damage to his thigh as a result of his

2

untreated injuries.  He sought compensatory damages.  The district court granted

Barcelona's motion to proceed in forma pauperis.

Because Barcelona was a prisoner seeking redress from a governmental

entity at the time he filed his lawsuit, his complaint was subject to an initial

screening under 28 U.S.C. § 1915A.  The magistrate judge who screened

Barcelona's complaint recommended that it be dismissed for failure to state a

claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because it was

barred by the statute of limitations.  The magistrate judge said the complaint

should be dismissed without leave to amend because an amended complaint would

be futile.  The district court adopted the magistrate judge's report and

recommendation over Barcelona's objections.

## II.

Barcelona raises two issues on appeal.  First, he argues the district court

erred in dismissing his complaint for failure to state a claim because he sufficiently

pleaded a constitutional violation regarding the defendants' refusal to provide him

medical care.

We review de novo a district court's sua sponte dismissal for failure to state

a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true.

Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003).  "The standards that

govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply" to a

dismissal under § 1915(e)(2)(B)(ii). Douglas v. Yates, 535 F.3d 1316, 1319–20 (11th Cir. 2008). Further, "[a] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." Gonsalvez v. Celebrity Cruises Inc., 750 F.3d 1195, 1197 (11th Cir. 2013) (per curiam) (quotation omitted).

"Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." City of Hialeah v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002); see Fla. Stat. § 95.11(3)(p). Thus, "[p]laintiffs must bring a section 1983 claim arising in Florida within four years of the alleged unlawful [conduct]." Rojas, 311 F.3d at 1103.

Viewing the allegations in Barcelona's complaint as true, the conduct he complains of occurred on February 7, 2003. However, his complaint was filed in October 2015, well outside the four-year statute-of-limitations period. Barcelona did not allege any facts in his complaint that suggest that the limitations period was tolled. Thus, it "appear[s] beyond a doubt" from Barcelona's complaint that he can "prove no set of facts which would avoid a statute of limitations bar." See Hughes, 350 F.3d at 1163 (quotation omitted). As a result, we conclude that the district court did not err in dismissing Barcelona's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III.

Barcelona's second argument on appeal is that the district court abused its discretion by denying Barcelona leave to amend his complaint to assert equitable estoppel as a defense to the statute-of-limitations bar. Additionally, he discusses the delayed-discovery doctrine as a way to overcome the bar.

We generally review the denial of a motion to amend a complaint for abuse of discretion, but we review questions of law de novo. Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1291 (11th Cir. 2007). Federal Rule of Civil Procedure 15 permits a party to "amend its pleading once as a matter of course" and provides that for any later amendment, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1), (2). However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." Williams, 477 F.3d at 1292 n.6 (quotation omitted).

The district court properly denied Barcelona leave to amend because any amendment to his pleading would have been futile in light of his inability to overcome the statute-of-limitations bar. First, any equitable estoppel argument would have been meritless. The doctrine of equitable estoppel prevents a defendant from invoking a statute-of-limitations defense if the defendant's conduct induced the plaintiff to forbear from bringing suit within the limitations period. See Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1323–24 (11th Cir. 1989) (per curiam); see also Glus v. Brooklyn E. Dist. Terminal, 359 U.S. 231, 232–33,

79 S. Ct. 760, 762 (1959) (noting that the doctrine of equitable estoppel has been applied in the statute-of-limitations context and is based on "the maxim that no man may take advantage of his own wrong"). However, Barcelona does not allege any actions by the defendants that caused him to file his complaint after the four-year period had run. He only argues that he was not able to file his claim in time because he lacked the requisite legal knowledge.

Second, any argument based on the delayed-discovery doctrine would also be futile. Barcelona points to Hearndon v. Graham, 767 So. 2d 1179 (Fla. 2000) (per curiam), to explain that under the delayed-discovery doctrine, "a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." Id. at 1184. Thus, he argues that he can overcome the statute-of-limitations bar because his cause of action did not accrue until sometime after February 7, 2003. However, Barcelona does not allege that he was unaware of the denial of medical care—the tortious act that gave rise to his cause of action—when it occurred on February 7, 2003. Therefore, the delayed-discovery doctrine does not apply.

Upon review of the record and consideration of Barcelona's brief, we affirm.

**AFFIRMED.**