[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14006
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-01217-RDP-JHE

JAMES D. JOHNSON,

Plaintiff-Appellant,

versus

DR. SKOOG,

Defendant-Appellee,

MRS. SHIRLEY, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 20, 2018)

Before WILLIAM PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

James Johnson, an Alabama prisoner, appeals *pro se* the *sua sponte* partial dismissal of and the partial summary judgment against his amended complaint about the violation of his civil rights by Nurses Linda Miller and Katherine Lovett and by Dr. Charles Skoog while Johnson was imprisoned at the Shelby County Jail. *See* 42 U.S.C. § 1983. Johnson alleged that he was injured by the nurses and that Dr. Skoog acted with deliberate indifference to Johnson's serious medical needs. The district court dismissed Johnson's claims against the nurses as untimely and for failure to state a claim and entered summary judgment against Johnson's claims against Dr. Skoog. We affirm.

One standard of review governs this appeal. We review *de novo* a *sua sponte* dismissal for failure to state a claim for relief. *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). We also review *de novo* a summary judgment. *Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty. Fla.*, 871 F.3d 1272, 1278 (11th Cir. 2017).

The district court did not err by *sua sponte* dismissing Johnson's claims against Nurses Miller and Lovett. 28 U.S.C. § 1915A(b)(1). Johnson alleged that he was injured by Nurse Miller as she removed his catheters in April 2008 and December 2009; that Nurse Lovett dispensed blood pressure medicine to him

between 2008 and 2013 without a prescription and withheld medicine prescribed by the Veterans Administration to treat his urinary retention; and that, in February 2010, Dr. Skoog increased Johnson's blood pressure medicine and discontinued his medication for urinary retention. Johnson's claims about the violations of his civil rights were subject to the statute of limitation in Alabama, *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008), which provided two years to file claims for personal injuries, Ala. Code § 6-2-38. When Johnson filed his complaint in 2014, the statutory period had already expired for him to pursue his claims against Nurses Miller and Lovett for their actions in 2008 and 2009.

Johnson also cannot rely on the continuing violation doctrine to toll the statute of limitation for his untimely claims against the nurses. The urinary tract, bladder, and kidney infections and high blood pressure that Johnson "complains . . . [are attributable to the removal of his catheters and by changes in his medication constitute] the present consequence of . . . one-time violation[s], which do[] not extend the limitations period . . . ." *See Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006) (quoting *City of Hialeah v. Rojas*, 311 F.3d 1096, 1101 (11th Cir. 2002)). And Johnson's allegations establish that Nurse Lovett was complying with Dr. Skoog's orders and negate any "reasonable inference that [she] was liable" from 2010 onward for giving Johnson blood

3

pressure medication and for withholding his medicine for urinary retention. *See Waldman*, 871 F.3d at 1289.

The district court also did not err by entering summary judgment in favor of Dr. Skoog and against Johnson's claims that the doctor acted with deliberate indifference. Johnson's claim that he suffered from high blood pressure as a result of the doctor increasing his medicine without reviewing his medical records was untimely. *See* Ala. Code § 6-2-38; *McNair*, 515 F.3d at 1173. And Johnson failed to present any evidence that Dr. Skoog knew about and disregarded a risk of serious harm to Johnson's serious medical needs by modifying his medication, by failing to tell him the results of his computed tomography scan, or by failing to examine him more than twice during the five years that he was imprisoned at the jail. *See Nam Dang*, 871 F.3d at 1280. Dr. Skoog prepared a special report and an affidavit that established that he discontinued Johnson's medicine for urinary retention because Johnson had completed the seven-day dose prescribed; he prescribed medicine and had a catheter inserted to treat Johnson's recurrent urinary problems; he did not need to inform Johnson of the unremarkable results of the tomography scan; and he consulted with the nurses by telephone during sick visits and did not receive another referral from them to examine Johnson.

We **AFFIRM** the partial dismissal of and partial summary judgment against Johnson's complaint.

4