[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14522
Non-Argument Calendar
_____

D.C. Docket No. 4:19-cv-00564-RH-MAF


JEFFREY "JERRY" HUFF,
agent of Jerry Dean Huff,

                                        Plaintiff - Appellant,

versus

RICHARD L. SWEARINGEN,
in his official capacity as commissioner of the
Florida Department of Law Enforcement,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 14, 2021)

Before ROSENBAUM, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Jeffrey Huff appeals the district court's dismissal of his 42 U.S.C. § 1983 action alleging that the Florida Department of Law Enforcement (FDLE) violated his constitutional rights by publicly disseminating Huff's "Florida Sex Offender" registration on the FDLE website.  Huff asserts that his § 1983 claims are not barred by the statute of limitations because his claim did not become ripe until 2019 when he was terminated from his job and had two job offers rescinded because of his inclusion on the sex offender registry on FDLE's website.  After review,[1] we affirm the district court.

Our recent decision in *McGroarty v. Swearingen*, 977 F.3d 1302 (2020), forecloses Huff's argument that his claim did not become ripe until 2019.  In *McGroarty*, McGroarty's sex-offender registration information was posted online in 2004, and he knew of its publication by 2012, but he did not file a § 1983 action challenging the publication until 2018.  *Id.* at 1307.  McGroarty argued "the continuing display of his information on Florida's sex offender registry is a continuing violation because he continuously suffers the injury of having his information published, which interferes with his daily life."  *Id.*

---

[1]  We conduct a *de novo* review of the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *McGroarty v. Swearingen*, 977 F.3d 1302 (2020).  "We independently review the district court's ruling concerning the applicable statute of limitations." *Id.* (quotations omitted).

We reasoned that McGroarty's argument failed "to appreciate the limits of the continuing violation doctrine—he has alleged a continuing harm (which does not extend the limitations period), not a continuing violation (which may extend the period)." *Id.* at 1307-08.  The initial publishing of information on the website was a "one time" act, even if someone experiences a present consequence of that initial publication.  *Id.* at 1308.  We held that McGroarty knew or should have known of his claimed injury by March 2012 when he received a letter from FDLE stating he had continuing registration requirements which allowed the publication of his personal information.  *Id.*  McGroarty was ineligible for the doctrine of continuing violation, and his claims were outside of the applicable four-year statute of limitations.  *Id.* at 1310.

The same analysis applies here.  Huff's information was published in 2011.  He admits to knowing of its publication in 2012.  Yet, he did not challenge its publication in court until 2019.  The initial publishing of Huff's information was a one-time act, even though Huff is experiencing the present consequences of that action.  *See id.*  at 1308.  While Huff argues the loss of employment and employment opportunities in 2019 make this a continuing violation of his constitutional rights, the losses of employment and employment opportunities are continuing harms, not continuing violations.  *See id.* at 1307.  Thus, the district court did not err in dismissing Huff's complaint as it was filed after the four-year

statute of limitations had ended. *See City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (explaining the statute of limitations for a § 1983 action is borrowed from the forum state's personal injury statute of limitations, which in Florida is four years). We affirm the district court's dismissal of Huff's complaint.

**AFFIRMED.**