[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2005
THOMAS K. KAHN
CLERK

No. 04-15512
Non-Argument Calendar

_____

D.C. Docket No. 04-02352-CV-BBM-1

DARIUS CUMMINGS,

Plaintiff-Appellant,

versus

THURBERT BAKER, being sued
in their individual capacities of duties,
JAMES DONALD, being sued in
their individual capacities of duties, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 9, 2005)

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Darius Cummings, a state prisoner proceeding pro se, appeals the district court's order dismissing as frivolous his 42 U.S.C. § 1983 claim, alleging that the defendants, Thurbert Baker, James Donald, Tommy Wilcox, and Charles Weston, (hereinafter "the defendants"), retroactively increased his punishment, in violation of the ex post facto clause, by not reconsidering him for parole after a federal court determined that the Georgia law requiring inmates convicted of certain crimes serve 90% of their prison term before they were eligible for parole was unconstitutional. Because the crime for which Cummings was convicted, aggravated sodomy, was not a crime subject to the 90% service requirement, and Cummings does not have standing to bring a § 1983 claim on behalf of "similarly situated individuals," the district court did not err when it dismissed his claim as frivolous. Accordingly, we **AFFIRM**.

## I. BACKGROUND

Cummings filed his sworn, pro se 42 U.S.C. § 1983 complaint against the defendants, wherein he argued, in relevant part, that the defendants retroactively increased his punishment because they required him to serve more than the 1/3 of his sentence that he was already required to serve before he was eligible for parole, in violation of the ex post facto clause. In his complaint, Cummings stated that he pled guilty to aggravated sodomy on 8 July 1992, and was sentenced to 15

2

years' imprisonment. He also asserted that he was seeking an injunction to order the trial court to address a motion for resentencing.

The district court conducted a frivolity review, pursuant to 28 U.S.C. § 1915A, wherein it stated that Cummings's argument, which the court construed as invoking the federal Sentencing Guidelines, was misguided because the federal Sentencing Guidelines only applied to defendants convicted and sentenced in the federal court, and did not dictate when a defendant should be paroled. R1-3 at 4-5. The district court concluded that, to the extent that Cummings's complaint concerned a claim regarding the duration of his confinement or a constitutional defect in his conviction or sentence, Cummings needed to bring his claim in a habeas corpus action. See id. at 3. The court further noted that it could not construe his § 1983 claim as a § 2254 habeas petition because venue was improper.[1] Without explicitly addressing Cummings's ex post facto argument, the court dismissed Cummings's complaint as frivolous. Id. at 5; R1-4.

Cummings subsequently filed a supplemental application for certificate of appealability and motion for attorneys fees, wherein he maintained that he was originally only required to serve 1/3 of his prison term before he was eligible for parole. R1-5 at 1. However, Cummings claimed that after the Georgia legislature

---

[1] We note that Cummings does not contest that ruling on appeal.

passed a law stating that persons convicted of certain crimes were required to serve 90% of their sentences before they were eligible for parole, and made that law retroactive to crimes committed before 1998 when the law was enacted, the federal district court determined that the resolution's retroactive application was unconstitutional. He contended that, because the Parole Board continued to postpone the date of his parole eligibility hearing, it improperly increased his punishment, in violation of the ex post facto clause.

The district court denied Cummings's motion for a certificate of appealability because he was not required to file one, and construed the remainder of his application/motion as a notice of appeal. R1-11 at 2.

In his brief on appeal, Cummings included the Georgia Board of Pardons and Paroles's December 1997 resolution that stated:

> any offender who is convicted on or after January 1, 1998, of one or more of the below listed violent offenses or of a burglary of a residence will be required to serve a minimum of 90% of the court imposed term of incarceration in prison. This policy change will not affect the eligibility of offenders convicted under the "Two-Strikes" and the "Seven Deadly Sins" legislation now required to serve 100% of their sentences in prison. These offenses are: murder, rape, aggravated sodomy, armed robbery, kidnaping, aggravated child molestation, and aggravated sexual battery. . . .

Appellant's Br. at Ex. A. Cummings also provided the Board's Resolution Amendment, wherein it stated that a federal court ruled that the policy was

4

unconstitutional when applied to an offender who committed a crime prior to the effective date of the policy, 1998. Id. at Ex. B. The Amendment further stated that those offenders previously considered for parole under the 90% policy who committed their offenses before 1 January 1998, shall be reconsidered for parole under parole decision guidelines that do not include the 90% policy. Id.

## II. DISCUSSION

On appeal, Cummings argues that the district court erred in dismissing his complaint as frivolous because the defendants violated his constitutional rights when they failed to reconsider the date he was eligible for parole, after they recognized that the Georgia law that stated that defendants had to serve 90% of their prison terms before they were eligible for parole was unconstitutional as applied to defendants whose offenses were committed before 1 January 1998. He maintains that this violates the ex post facto clause. Cummings further contends that there are other similarly situated defendants who face the same violation. The defendants did not respond.[2]

We have never determined what the standard of review is for a frivolity dismissal under 28 U.S.C. § 1915A. We have, however, stated that we review de

___

[2] Although Cummings's certificate of service in his brief does not indicate that he served his brief on the defendants, the administrative papers show that the clerk's office provided the Attorney General's office with Cummings's brief.

novo a dismissal under § 1915A for failure to state a claim.  <u>Leal v. Ga. Dep't of Corr.</u>, 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam).  Further, the circuits are split on whether the correct standard of review for a frivolity dismissal under § 1915A is <u>de novo</u> or abuse of discretion.  <u>Compare</u> <u>Shakur v. Selsky</u>, 391 F.3d 106, 112 (2d Cir. 2004) (<u>de novo</u>), <u>with</u> <u>Martin v. Scott</u>, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (abuse of discretion).  As demonstrated below, however, under either standard, Cummings's claim fails.

Section 1915A of the United States Code provides that any appeal shall be dismissed at any time if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §1915A(b).  A claim is frivolous if it is without arguable merit either in law or fact.  <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001).  We liberally construe the arguments of a <u>pro se</u> appellant.  <u>See</u> <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

We have observed that the <u>ex post facto</u> clause prohibits a state from enacting statutes which "make more burdensome the punishment for a crime, after its commission."  <u>United States v. Abraham</u>, 386 F.3d 1033, 1037 (11th Cir. 2004).  In order to prevail, the defendant must demonstrate that (1) the law was

retrospective, in that it applied to events occurring before its enactment; and (2) he was disadvantaged by it. Id.

As an initial matter, the only relief that Cummings sought in his complaint was an injunction to force the trial court to consider a motion for resentencing, which must be brought in a habeas corpus proceeding, and not in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 486, 93 S.Ct. 1827, 1834, 36 L.Ed.2d 439, 448 (1973). Therefore, the district court properly dismissed Cummings's § 1983 claim.

Moreover, Cummings's claim also fails on the merits because the documents he provided in his brief demonstrate that his claim is frivolous. See Echaide v. Confederation of Canada Life Ins., 459 F.2d 1377, 1381 (5th Cir. 1972) (finding against a litigant's argument because of concessions in the briefs). The Board's resolution included in Cummings's brief states that the new 90% rule did not apply to offenders who were convicted under the "Seven Deadly Sins" legislation because those offenders were required to serve 100% of their sentences. One of the "Seven Deadly Sins" listed in the resolution is aggravated sodomy. Because we may affirm the district court's decision for reasons other than those noted by the district court, see Turlington v. Atlanta Gas Light Co., 135

7

F.3d 1428, 1433 n.9 (11th Cir. 1998), the documents submitted by Cummings in his brief provide an additional ground upon which to affirm the dismissal.

In addition, the sentencing statute for aggravated sodomy, which was effective in 1994, provides that a defendant convicted of aggravated sodomy, in which his sentence is less than life imprisonment, is required to serve his sentence in its entirety, and the defendant is not entitled to parole. O.C.G.A. § 17-10-6.1(a), (c)(3). Although this statute was enacted after Cummings was convicted, thus posing ex post facto problems, Cummings does not bring on appeal an ex post facto claim under this statute; therefore, the issue is waived. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (holding that issues not argued on appeal are deemed waived). Because Cummings admitted in his complaint that he was convicted of aggravated sodomy and the statute governing aggravated sodomy provides that he must serve his entire sentence without parole, the 90% rule did not apply to Cummings and the district court did not err in concluding that his complaint was frivolous.

Additionally, to the extent that Cummings argues that there are other, similarly situated defendants to which this rule applies, he does not have standing to bring a claim for those defendants. We have held that in order to bring a claim on behalf of other similarly situated persons, the named plaintiff must have

standing to bring the claim.  City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1101

(11th Cir. 2002).  In order to have standing, a plaintiff has to have suffered an

actual or threatened injury.  Fla. Right to Life, Inc. v. Lamar, 273 F.3d 1318, 1322

(11th Cir. 2001).  Because Cummings did not suffer an actual or threatened injury,

he does not have standing to bring the claim.  Accordingly, we **AFFIRM**.