[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-15851
_____

D. C. Docket No. 04-02573-CV-JTC-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2006
THOMAS K. KAHN
CLERK

CENTER FOR BIOLOGICAL DIVERSITY,
SIERRA CLUB,
SOUTHERN APPALACHIAN BIODIVERSITY PROJECT,
GEORGIA FORESTWATCH,

Plaintiffs-Appellants,

versus

SAM HAMILTON,
Regional Director, Region 4,
United States Fish and Wildlife Service,
STEVEN WILLIAMS,
Director, United States Fish and Wildlife Service,
DIRK KEMPTHORNE,
Secretary of the Interior, Department of Interior,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 28, 2006)

Before BLACK and PRYOR, Circuit Judges, and CONWAY[*], District Judge.

PER CURIAM:

The Center for Biological Diversity appeals the dismissal of its complaint as untimely under the six-year statute of limitations for suits against the United States. See 28 U.S.C. § 2401(a). This appeal raises an issue of first impression for the Courts of Appeals: whether the failure of the Secretary of the Department of the Interior to perform the nondiscretionary duty to designate a critical habitat for a threatened species is a continuing violation that permits a plaintiff to file suit more than six years after the deadline to perform that duty has passed. Because we conclude that the continuing violation doctrine does not apply, we affirm.

## I. BACKGROUND

On April 19, 1991, the Secretary issued a proposed rule to list two species of minnows, the Blue Shiner and the Goldline Darter, as threatened species. Proposed Threatened Status for the Fish the Goldline Darter (Percina aurolineata) and Blue Shiner (Cyprinella caerulea), 56 Fed. Reg. 16,054 (April 19, 1991). On April 22, 1992, the final rule was promulgated. Threatened Status for Two Fish, 57 Fed. Reg. 14,786 (Apr. 22, 1992). In the final rule, the Secretary stated that the designation of a critical habitat—the area in which the threatened or endangered

---

[*] Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

species is found and to which the Endangered Species Act affords additional protections—"may be prudent but [] it is not now determinable." Id. Although the rule said, "In the coming months, a proposed rule for the designation of critical habitat will be published," id., the Secretary never proposed such a rule; to date, the Secretary has not designated a critical habitat for the threatened fish.

On September 2, 2004, the Center filed a complaint in federal district court that alleged that the Secretary violated its nondiscretionary duty to designate a critical habitat for the Blue Shiner and Goldline Darter. See 16 U.S.C. § 1533(b)(6)(A), (b)(6)(C)(ii) (requiring the Secretary to publish a final regulation that designates the critical habitat within two years of the proposed regulation that listed the species as endangered or threatened); id. § 1540(g)(1)(C) (citizen suit provision). The Secretary conceded the failure to comply with the duty under section 1533, but argued that the complaint was untimely under the six-year statute of limitations that governs suits against the United States. See 28 U.S.C. § 2401(a). The Center argued that it complied with the six-year statute of limitations because the failure to designate a critical habitat was a "continuing violation." See S. Appalachian Biodiversity Project v. U.S. Fish & Wildlife Servs., 181 F. Supp. 2d 883, 887 (E.D. Tenn. 2001). The district court found that the Endangered

Species Act "does not impose a continuing duty on Defendants to designate a critical habitat" and dismissed the complaint as untimely.

## II. STANDARD OF REVIEW

"We review the district court's interpretation and application of statutes of limitations de novo." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1278 (11th Cir. 2005) (quoting United States v. Clarke, 312 F.3d 1343, 1345 n.1 (11th Cir. 2002)).

## III. DISCUSSION

The sole issue before this Court is whether this suit was untimely on the ground that the failure of the Secretary to designate a critical habitat for a threatened species is a "continuing violation." The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001). To determine whether the continuing violation doctrine applies, we must consider the text of the relevant statute, which is the Endangered Species Act. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108-09, 122 S. Ct. 2061, 2069–70 (2002).

We first consider the provisions that govern the duties of the Secretary. The Act provides, "Within the one-year period beginning on the date on which general

4

notice is published . . . regarding a proposed regulation, the Secretary shall publish in the Federal Register . . . a final regulation to implement" its determination whether a species is threatened. 16 U.S.C. § 1533(b)(6)(A). "A final regulation designating critical habitat of an endangered species or a threatened species shall be published concurrently with the final regulation implementing the determination that such species is endangered or threatened[.]" Id. § 1533(b)(6)(C). If the Secretary

> deems that . . . [the] critical habitat of such species is not then determinable, [the Secretary] may extend the one-year period . . . by not more than one additional year, but not later than the close of such additional year the Secretary must publish a final regulation, based on such data as may be available at that time, designating, to the maximum extent prudent, such habitat.

Id. § 1533(b)(6)(C)(ii) (emphasis added).

We next consider the statutes that pertain to civil actions to enforce the Act. The Act permits "any person [to] commence a civil suit . . . where there is alleged a failure of the Secretary to perform any act or duty under [section 1533] which is not discretionary with the Secretary." Id. § 1540(g)(1)(C). The Act prescribes no statute of limitations, so the general six-year statute of limitations for suits against the United States applies. See 28 U.S.C. § 2401(a); Edwards v. Shalala, 64 F.3d 601, 605 (11th Cir. 1995) (finding that section 2401(a) "sets an outside time limit on suits against the United States"). "Unlike an ordinary statute of limitations, §

5

2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." Spannaus v. Dep't of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987).

Because the Secretary stated in the April 22, 1992, rule that the critical habitat for the Blue Shiner and Goldline Darter was "not determinable," Threatened Status for Two Fish, 57 Fed. Reg. 14,786, the Secretary was required to issue a final rule designating the critical habitat two years after issuance of the proposed rule on April 19, 1991. The parties agree that the Center could have brought suit based on the failure of the Secretary to comply with this deadline beginning April 20, 1993. The Center argues that April 20, 1993, is merely the first violation of section 1533; the Center contends that, under the continuing violation doctrine, the passage of each day creates an additional cause of action, which triggers anew the running of the six-year limitations period. We disagree.

Nothing in the language of the Act supports the position of the Center. To the contrary, the Act counsels in favor of a single violation that accrues on the day following the deadline. See Toussie v. United States, 397 U.S. 112, 120, 90 S. Ct. 858, 863 (1970), superseded by statute, 50 U.S.C. app. § 462(d). The language "not later than" creates not an ongoing duty but a fixed point in time at which the violation for the failure of the Secretary to act arises. The requirement of section

6

1533 that the Secretary rely on "such data as may be available at the time," 16 U.S.C. § 1533(b)(6)(C)(ii) (emphasis added), provides additional support for the position of the Secretary. If the duty were ongoing, it would be anomalous for Congress to require the Secretary to ignore new information when promulgating the rule.

This interpretation is consistent with our precedents that have addressed the scope of the continuing violation doctrine. First, this Court has distinguished between the continuing effects of a discrete violation and continuing violations: "In determining whether a discriminatory employment practice constitutes a continuing violation, this Circuit distinguishes between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does." City of Hialeah v. Rojas, 311 F.3d 1096, 1101 (11th Cir. 2002) (quotations omitted); see also Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003). The Center complains of the continuing effects of the failure of the Secretary to determine the critical habitat by the statutory deadline, a one-time violation under the Act.

Second, we have limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred. "If an event or series of events should

7

have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine[.]" Hipp, 252 F.3d at 1222 (quoting Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1415 n.6 (10th Cir. 1993)). Because a reasonably prudent plaintiff would have been aware of the failure of the Secretary to act on the day following the deadline, the continuing violation doctrine does not apply.

Our conclusion that the continuing violation doctrine does not apply is also consistent with our statute of limitations and sovereign immunity jurisprudence. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769 (1941). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." See United States v. Mottaz, 476 U.S. 834, 841, 106 S. Ct. 2224, 2229 (1986). "[T]he terms 'upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'" McMaster v. United States, 177 F.3d 936, 939 (11th Cir. 1999) (quoting Soriano v. United States, 352 U.S. 270, 276, 77 S. Ct. 269, 273 (1957)). Our predecessor court similarly observed that courts "will not, as a general rule, read into statutes of limitation an exception which has not been embodied therein." Simon v. United States, 244 F.2d 703, 705 (5th Cir.

8

1957) (quotation omitted). Because section 2401 unambiguously imposes a six-year statute of limitations, our refusal to extend the application of the continuing doctrine comports with principles of sovereign immunity.

We recognize that at least one district court has applied the continuing violation doctrine to section 1533. See S. Appalachian Biodiversity Project, 181 F. Supp. 2d at 887. We disagree with the reasoning of that decision. The conclusion of the Southern Appalachian court that the "[Secretary]'s non-action logically can only be construed as a continuing violation of 16 U.S.C. § 1533(b)(6)(C)," id., contradicts our Circuit precedent, which narrowly limits the scope of the continuing violation doctrine.

Finally, we note that our decision does not foreclose all relief for the Center. The Center may petition the Secretary "to designate critical habitat or to adopt a special rule to provide for the conservation of a species." 50 C.F.R. § 424.14(d). Although the lack of an alternative remedy would not cause us to read an exception to the limitations period into the Act, the existence of an alternative remedy supports our conclusion that Congress did not intend the continuing violation doctrine to apply.

## IV. CONCLUSION

The dismissal of the complaint is

**AFFIRMED**.