[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-13149
Non-Argument Calendar

_____

D. C. Docket No. 09-21512-CV-UU

ROCHELLE DRIESSEN,
Mother of minor children B.O.
D/O/B 1993, and B.O. D/O/B 1994,

                                        Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES,
BAL HARBOUR POLICE DEPARTMENT,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 29, 2009)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Rochelle Driessen, proceeding pro se, appeals the district court's sua sponte dismissal of her complaint for failure to state a basis for federal jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 8(a). Because Driessen's claims are barred by the applicable statute of limitations, we affirm the court's dismissal of her complaint.[1]

Driessen contends the Florida Department of Children and Families (FDCF), and the Bal Harbour Police Department violated her rights when they removed her two minor children from her custody on February 9, 2005. Although Driessen does not cite 42 U.S.C. § 1983 in her complaint, she appears to raise two claims under that statute when she alleges that Bal Harbour and FDCF: (1) violated her due process rights by not following Florida's procedural requirements for removing minor children from a parent's custody; and (2) lacked probable cause under the Fourth Amendment to take custody of her children.[2]

We review de novo the district court's interpretation and application of

---

[1] Driessen appeals on three grounds: (1) the district court erred in dismissing her complaint sua sponte when the summons had not yet been issued or served on the defendants; (2) her complaint should not have been dismissed because she satisfied the requirements of Fed. R. Civ. P. 8(a); and (3) she was not time-barred by the statute of limitations. Because we conclude that her complaint was in fact time-barred by the statute of limitations, we do not address the other two issues.

[2] Federal Rule of Civil Procedure 8 requires that federal courts give pleadings a liberal reading. "This admonition is particularly true when the parties are proceeding pro se. Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." GJR Investments, Inc. v. County of Escambia, Fla.,132 F.3d 1359, 1369 (11th Cir. 1998).

statutes of limitations.  Center for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006).  "[A] plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999); see also Fla. Stat. § 95.11(3)(p).  For a cause of action under § 1983 the limitations clock begins to run when "the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).

The alleged violations of Driessen's constitutional rights occurred on February 9, 2005, when FDCS and Bal Harbour removed her children from her custody, and Driessen filed her complaint on June 4, 2009.  Because approximately four years and four months passed between when Driessen knew of the injury (and who caused it) and when she filed her complaint, Driessen's suit is clearly time-barred by Florida Statute § 95.11(3)(p).[3]

Driessen argues that the statute of limitations does not apply because her

---

[3] Driessen alleges that FDCS and Bal Harbour violated Fla. Stat. § 39.402(13), which states, in part, that "A child may not be held in a shelter under an order so directing for more than 60 days without an adjudication of dependency."  This 60-day time limit was violated, Driessen argues, because the shelter order regarding her children was issued on February 9, 2005, but there was no adjudicatory hearing until July 1, 2005.  Driessen's brief to this Court argues the 60-day time period lapsed on April 10, 2005.  But even if the limitations clock did not begin until that date, the statute of limitations would have expired on April 10, 2009, approximately two months before Driessen filed suit.

3

children are still within the state's custody, but that fact does not extend the time limit that she had to file her complaint. Florida law does allow for tolling of the statute of limitations in certain circumstances, but this is not one of them. See Fla. Stat. § 95.051; see also Chappell, 340 F.3d at 1283; Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (explaining that equitable tolling is an "extraordinary remedy" that is not applicable when the plaintiff reasonably should have known the limitations period was running).

While the district court did not unequivocally hold that Driessen's complaint was time-barred, we affirm the district court's dismissal on this ground. See, e.g., Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778 (11th Cir. 2002) ("[W]e may affirm for any reason supported by the record.").

**AFFIRMED.**