[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15860
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-23022-CMA


OTIS LAMAR TOWBRIDGE,

                                                    Petitioner-Appellant,

                        versus

SGT. TACKER,
#1501,
OFFICER TABORLA,
#1506,
OFFICER ANDREW RIAL,
#3304,
L.T. BROWN, CAPTAIN PALNY, et al.,

                                                    Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 28, 2012)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Otis Towbridge, a state inmate, appeals *pro se* the *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   Specifically, he argues that his claim of being illegally arrested in 2002 by the defendants was not barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S.Ct. 2363, 2372, 129 L.Ed.2d 383 (1994), because it challenged the legality of the seizure leading to his arrest, and therefore would not disturb his underlying convictions.

## I.

According to the complaint, the instant suit stems from events occurring in 2002, when Towbridge was arrested by the defendants, all Miami-Dade police officers.   Court records show that Towbridge was arrested and, ultimately, convicted and sentenced on two counts of aggravated battery with a deadly weapon because of an altercation with two other individuals.   *See Towbridge v. State*, 898 So.2d 1205, 1206 (Fla. 3rd Dist. Ct. App. 2005).   He alleged in the instant complaint, and a witness testified in a state post-conviction evidentiary hearing to the same effect, that he was actually the victim of a pre-planned attack by the two individuals.   He alleged that because he was innocent, it was illegal for the defendants to seize and arrest him, and the defendants should have reported or

2

investigated the witness's exculpatory statements instead of arresting him.

Furthermore, Towbridge was injured during the altercation with the other

individuals, and he alleged that the defendants did not provide him with adequate

medical treatment during and after the arrest.

## II.

We review a dismissal of a complaint for failure to state a claim under 28

U.S.C. § 1915(e)(2)(B)(ii) *de novo*. *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir.

2002). Similarly, we review the district court's interpretation and application of

statutes of limitations *de novo*. *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d

1331, 1334 (11th Cir. 2006). While we read briefs filed by *pro se* litigants liberally,

issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v.*

*Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Issues raised only in passing,

without supporting argument or citation, are abandoned. *See Rowe v. Schreiber,*

139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

Under § 1915, district courts have discretion to dismiss, at any time, *in forma*

*pauperis* complaints that fail to state a claim on which relief may be granted. 28

U.S.C. § 1915(e)(2)(B)(ii). A dismissal under § 1915(e)(2)(B)(ii) is governed by the same

standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v.*

*Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal of the complaint is

3

appropriate if the complaint, on its face, does not state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are to be liberally construed. *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to prevail on a civil rights action under § 1983, the plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

If a successful § 1983 suit for damages would necessarily imply the invalidity of a conviction or sentence, and that conviction or sentence has not been invalidated before the commencement of the § 1983 suit, the suit must be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2363, 2372, 129 L.Ed.2d 383 (1994). Moreover, where a prisoner in state custody seeks to challenge the fact of his confinement, the appropriate relief is a federal habeas corpus petition, not a § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245, 161 L.Ed.2d 253 (2005). Because an illegal arrest may be followed by a valid conviction, a successful § 1983 suit for a Fourth Amendment seizure violation does not necessarily imply the invalidity of the conviction and, as a result, *Heck* does not generally bar such suits. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

4

Nevertheless, not all Fourth Amendment seizure claims fit this exception to *Heck*, and the district court must look to both the claims raised under § 1983 as well as to the specific offenses for which the claimant was convicted in order to determine whether the underlying convictions would be implicated.   *Id.* at 1160 n.2.

We note that Towbridge mentions the inadequate medical treatment claim included in his complaint only in passing on appeal.   Without any substantive argument or citation to legal authority, and even upon a liberal reading of his brief, he has thereby abandoned any issues relating to that claim.   *Timson,* 518 F.3d at 874; *Rowe ,*139 F.3d at 1382 n.1.

As to his illegal arrest claim, Towbridge essentially challenged his role in the offense conduct that led to his arrest and convictions, the arrest itself, and his eventual convictions, not the constitutionality of the procedure by which his arrest was carried out.   He sought to prove in the instant suit, by way of a witness's statements, that he was the victim and not the aggressor during the incident, and that, therefore, his arrest was illegal and his convictions erroneous.   In light of the above, a success on the merits in the instant case would necessarily invalidate his underlying convictions, and it was proper for the district court to find that this claim was *Heck*-barred.   Towbridge's proper avenue for relief in order to challenge his underlying convictions and the fact of his current imprisonment was a federal habeas

5

corpus petition, which he indeed did pursue.   Accordingly, upon close examination of Towbridge's complaint and his argument on appeal, we affirm.

**AFFIRMED.**