[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12408
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00038-MW-EMT


KEVIN ANTHONY MOORE,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS,

Defendant,

MIKE HARRIS,
Unit Manager at FCI Marianna,
WARDEN, FCI MARIANNA,
UNITED STATES OF AMERICA,
on behalf of Mike Harris and Mark Henry,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 23, 2014)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Anthony Moore, a non-prisoner proceeding pro se, appeals the district court's dismissal of his Bivens suit.

## I.

Moore's suit arises from his time as a prisoner at the Federal Correctional Institution in Marianna, Florida.  In August of 1999, Moore was reaching the end of his federal prison term for marijuana charges.[1]  One of the prison's correctional officers, Michael Harris, told Moore that he would not be released from prison until he signed a sex offender registration form.  Harris mistakenly thought that Moore had a prior state conviction for sexual battery when Moore had actually pleaded to simple battery.  Moore protested, but ultimately signed the form "under duress."  When he signed the form, he wrote "void" next to his signature and "I disagree" in three places.  Moore was released from prison on September 17, 1999.

Moore thought his alterations to the form had resolved the issue.  But in 2005 he applied for a contractor's license and was arrested for failing to register as a sex offender.  While the local police department released him after they determined that his prior battery conviction was not a sex offense, the Florida

---

[1] Because the district court granted the defendants' motion to dismiss, we take the facts as alleged in Moore's complaint.  See Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1291 (11th Cir. 2007).

Department of Law Enforcement (the Department) continued to send Moore a registration form every six months along with a warning that failure to register was a third-degree felony. The Department also put Moore's name on its website's list of sex offenders. Moore made several attempts to rectify the situation. He visited the Department and tried to explain the situation, but was told the form he signed in 1999 prevented the Department from lifting the requirement. He filed a petition in Florida state court in 2005 and a federal declaratory judgment action in 2009, but both were dismissed. Finally, in January 2010 he contacted the United States Attorney's Office for the Northern District of Florida. Assistant United States Attorney Nancy Hess spoke with the Department, which lifted the registration requirement and removed Moore's name from its registry.

Moore filed this suit in February 2010, claiming that his federal constitutional rights were violated and seeking damages under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971). The district court dismissed the complaint because Moore filed it after the four-year statute of limitations had lapsed.

## II.

We review de novo the district court's decision applying the statute of limitations. Ctr. for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006).

3

Bivens suits have the same statute of limitations as suits brought under 42 U.S.C. § 1983.  Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996).  And where Florida is the forum state, § 1983 plaintiffs have four years to file suit.  See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).  Under Moore's version of events, his statute of limitations clock began to run in 2005 when he was arrested for failing to register as a sex offender.  See Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998) ("[U]nder our Bivens case law, an action accrued at the time the plaintiff knew or had reason to know of his claims.").  So Moore's four-year window closed in 2009, more than a month before he filed this suit in February 2010.

None of Moore's arguments justify extending his statute of limitations period.  First, Moore contends that his limitations period was tolled under Heck v. Humphrey, 512 U.S. 477, 489–90, 114 S.Ct. 2364, 2374 (1994) ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").  Heck's rule does not apply here because it is limited to "criminal judgments."  Id. at 486, 114 S.Ct. at 2372.  Sex offender registration is "a civil and non-punitive regulatory scheme," not a criminal judgment.  United States v. W.B.H., 664 F.3d 848, 860 (11th Cir. 2011).  Second, Moore contends that his limitations period was equitably tolled until 2010 because he took "extraordinary" measures to have the registration

4

requirement removed.    We have allowed equitable tolling where the plaintiff demonstrates that he filed his complaint late due to "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).    Moore's late filing was hardly "unavoidable."    For example, he could have brought his Bivens claim as part of the federal suit he filed in 2009.    Finally, Moore claims that the doctrine of continuing violations applies here.    But that doctrine is limited "to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred."    Ctr. for Biological Diversity, 453 F.3d at 1335.    As explained above, Moore's 2005 arrest put him on notice of the alleged violation, so the doctrine does not apply.

**AFFIRMED.**

5