[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14580
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22753-DPG

IDELFONSO CARDELLE,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY,
Through Its Department,
MIAMI-DADE POLICE DEPARTMENT,
CHIEF J.D. PATTERSON, JR.,
UNKNOWN POLICE OFFICER,
J.D. PATTERSON,
Miami-Dade Police Director,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 14, 2015)

Before MARCUS, MARTIN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Pro se plaintiff-appellant Idelfonso Cardelle appeals from the district court's dismissal of his civil rights action brought pursuant to 42 U.S.C. § 1983, against Miami-Dade County ("the County"), the Miami-Dade Police Department ("MDPD"), and Miami-Dade Police Department Director J.D. Patterson (collectively "MDC"). On appeal, Cardelle challenges the district court's conclusions that: (1) his amended complaint was untimely and barred by res judicata; and (2) allowing him to amend his complaint a second time would have been futile. After thorough review, we affirm.

We review de novo the district court's grant of a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Fuller v. SunTrust Banks, Inc., 744 F.3d 685, 687 n.1 (11th Cir. 2014). We also review de novo the district court's interpretation and application of the statute of limitations, Ctr. for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006), and its application of res judicata, Griswold v. Cnty. of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010). We review a district court's denial of a motion to amend for abuse of discretion, but review de novo the underlying legal

2

conclusion of whether amendment would have been futile.  Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005).

First, we are unpersuaded by Cardelle's argument that the district court erred in dismissing his complaint on statute-of-limitations grounds.  Section 1983 claims are subject to the statute of limitations governing personal injury actions in the state in which the action was brought.  DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011).  In Florida, the applicable limitations period is four years.  Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).  The limitations period does not begin to run until "the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury."  Id.

The district court properly dismissed the complaint in this case as time-barred.  As Cardelle admits, he knew of the forfeiture action when he was subpoenaed in December 2008.  Thus, he had until December 2012 to file his complaint, and the instant complaint, filed in 2014, is untimely.  Nor is there any merit to Cardelle's argument that the instant federal complaint should relate back to the state complaint he filed in 2012.  Although the Federal Rules of Civil Procedure allow for relating back of an amended complaint in limited circumstances, none of those circumstances are present here.  See Fed.R.Civ.P. 15(c)(1)(B) (permitting a complaint to relate back when "the amendment asserts a

3

claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading"). Indeed, Cardelle cites nothing to support the proposition that an untimely complaint in an newly-filed federal case can relate back to a timely complaint in an earlier state case.

We also reject Cardelle's claim that the district court abused its discretion by not allowing him to amend the complaint before dismissing it. Generally, where it appears that a more carefully drafted complaint might state a claim, a pro se plaintiff must be given at least one opportunity to amend the complaint before the court dismisses the action with prejudice. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (holding that this rule does not apply to counseled plaintiffs). But the district court need not grant leave to amend "where amendment would be futile." Corsello, 428 F.3d at 1014 (quotation omitted).

Here, the district court did not abuse its discretion by dismissing the amended complaint without allowing further amendments. The second amended complaint merely changed a party name and, by Cardelle's own admission, made no substantive changes to the allegations. This change would have done nothing to avoid the statute of limitations bar.

**AFFIRMED**.

4