[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10764
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24154-CMA


ALPHONSO L. LEE, JR.,

Plaintiff-Appellant,

versus

ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,
CIRCUIT COURT JUDGE, ELEVENTH JUDICIAL
CIRCUIT OF FLORIDA,
Jeffrey Rosinek,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Alphonso Lee, Jr., a Florida Prisoner, appeals *pro se* and *in forma pauperis* the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil rights action under 28 U.S.C. § 1915A.  On appeal, he argues that the district court erred by dismissing his case as time-barred because the statute of limitations should have been tolled due to a continuing violation of his rights.

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  Pursuant to § 1915A, district courts are required to screen civil complaints filed by prisoners against governmental entities or employees, and dismiss any portion of the complaint that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A similar provision appears in 28 U.S.C. § 1915(e)(2)(B) for *in forma pauperis* complaints.  *Pro se* pleadings are held to a less stringent standard than pleadings drafted by an attorney and are liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Although we show leniency to *pro se* litigants, we will not rewrite a deficient pleading in order to sustain an action.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

We also review questions concerning the application of a statute of limitations *de novo*.  *Harrison v. Digital Health Plan*, 183 F.3d 1235, 1238 (11th

2

Cir. 1999).  Because § 1983 does not have a statute of limitations of its own, statute of limitations issues are governed by the forum state's general personal injury statute of limitations in each case.  *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)).  Florida's four-year statute of limitations therefore applies to § 1983 claims arising in Florida.  *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The statute of limitations begins to run when the plaintiff knows or should know that they have suffered the injury that is the basis of the complaint, and knows or should know who inflicted the injury.  *Id.*

The continuing violation doctrine allows a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period.  *Ctr. For Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006).  We have distinguished between the continuing effects of a discrete violation, which do not extend the limitations period, and the continuation of a violation itself, which does extend the time period.  *Id.* at 1335.  Furthermore, we have limited the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation occurred. *Id.*  If an event should have alerted a reasonable plaintiff to assert his rights, then the plaintiff cannot rely on the continuing violation doctrine.  *Id.*

3

The district court correctly determined that Lee's claim was time-barred because he filed it far outside of the applicable four-year statute of limitations. *See Chappell*, 340 F.3d at 1283. The continuing violation doctrine did not apply because his claim dealt with the continuing effects of one violation rather than continued violations, and because a reasonably prudent plaintiff would have been aware that the alleged violation occurred within the statute of limitations. *See Hamilton*, 453 F.3d at 1335. Accordingly, we affirm the district court's dismissal of Lee's complaint.

**AFFIRMED.**