[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13457
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-00111-RH-HTC


DOYE L. HEARD,

                                                            Plaintiff-Appellant,

versus

PUBLIX SUPERMARKETS INC,
NEW LEAF MARKETS INC,

                                                            Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 6, 2020)

Before WILSON, LAGOA and ANDERSON, Circuit Judges.

PER CURIAM:

Doye Heard ("Heard"), a prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his action filed under 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as his state law claims of fraud against Publix Supermarkets, Inc., and New Leaf Markets, Inc.  On appeal, Heard raises the following two arguments: (1) that the district court failed to consider the claims raised in his Amended Complaint; and (2) that the district court erred in *sua sponte* dismissing his Amended Complaint for failure to state a claim on which relief may be granted because it erroneously concluded that his claims were untimely.  For the reasons discussed below, we find Heard's arguments without merit and affirm the district court's dismissal.

I.

We review a district court's decision regarding leave to amend a complaint for an abuse of discretion but review questions of law *de novo*.  *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A party may amend his or her pleading once as a matter of course "within 21 days after serving it" or, "if a responsive pleading is required, within 21 days after

service of a responsive pleading or motion under Rule 12(b), (e), or (f) [of the Federal Rules of Civil Procedure], whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend under Rule 15(a) should be freely given where the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Notably, "'a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (alteration in original) (quoting *Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1290, 1292 (11th Cir. 2018)). However, the court may deny leave to amend the complaint "where further amendment would be 'futile,'" *see id.* at 1133 (quoting *Wodleab*, 885 F.3d at 1291), i.e., that the complaint would still be subject to dismissal as amended, *id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *accord Hall*, 367 F.3d at 1262-63.

Contrary to Heard's contention, a review of the record establishes that the district court considered the claims in Heard's Amended Complaint. In its written order, the district court expressly recognized that Heard had amended his complaint as a matter of course and proceeded to examine the claims raised in Heard's Amended Complaint, as well as the claims in his unauthorized supplemental filings. To the extent that Heard's brief could be construed as arguing that the district court should have given him leave to further amend his complaint before dismissing the action, we find that the district court did not abuse its discretion in denying further amendment because, for the reasons stated below, amending the complaint would be futile.

## II.

We review a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo*, viewing the allegations in the complaint as true. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Additionally, "[w]e review the district court's interpretation and application of statutes of limitations *de novo*." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1278 (11th Cir. 2005)).

When a plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915 requires the district court to dismiss the action if it "fails to state a claim on which relief may be

4

granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to "state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A district court may only dismiss a prisoner's complaint as untimely prior to service if it "appear[s] beyond a doubt from the complaint itself that [he] can prove no set of facts which would avoid a statute of limitations bar."  *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam)).

Turning to Heard's Amended Complaint, Heard alleged claims under § 1983 as well as claims for fraud under Florida and Georgia law.  Section 1983 provides a cause of action based on "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  The statute of limitations for personal injury actions in the state in which the cause of action arose governs claims under § 1983, *Wallace v. Kato*, 549 U.S. 384, 387 (2007), and the limitations period begins to run from the date that the cause of action

5

accrues, i.e., where the plaintiff has "a complete and present cause of action" and "can file suit and obtain relief." *Id.* at 388 (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). The statute of limitations period is four years for § 1983 claims arising in Florida, *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003), and two years for § 1983 claims arising in Georgia. *DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011) (citing Ga. Code Ann. § 9-3-33). When determining whether the statute of limitations for a § 1983 action is tolled, we look to state law. *See Wallace*, 549 U.S. at 394. The limitations period in Florida may be tolled in some circumstances, including by a defendant's absence from the state, a defendant's use of a false name or concealment so that she or he cannot be served, the plaintiff's adjudicated incapacity before the cause of action accrued, pending arbitration proceedings, or the plaintiff's adjudicated incapacity during any time period in which he does not have a guardian *ad litem* capable of representing him. Fla. Stat. § 95.051(1) (2019). Similarly, the statute of limitations in Georgia may be tolled in some circumstances, including when the plaintiff is legally incompetent because of an intellectual disability or mental illness when or after his cause of action accrued, a defendant is absent from the state, or a defendant committed fraud "by which the plaintiff has been debarred or deterred from bringing an action." Ga. Code Ann. §§ 9-3-90 to -96 (2019).

6

Regarding Heard's state law fraud claims, the statute of limitations for a fraud claim in Florida is four years, Fla. Stat. § 95.11(3)(j) (2019), and the limitations period begins to run when the "facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(a) (2019). Under Georgia law, the statute of limitations for fraud and misrepresentation claims is four years. *Nash v. Ohio Nat'l Life Ins. Co.*, 597 S.E.2d 512, 515 (Ga. Ct. App. 2004) (citing Ga. Code Ann. § 9-3-31). When the case involves fraud, the statute of limitations is tolled until the fraud is discovered or could have been discovered through the exercise of ordinary care and diligence. *Id.* at 515.

Here, we find that the district court properly dismissed the Amended Complaint on the ground that it failed to state a claim on which relief may be granted because Heard's § 1983 and state fraud claims are untimely. At the latest, the various limitations periods for Heard's claims began to run in October 2014, when the charges against Heard for passing worthless bank checks were dropped. Assuming that the Amended Complaint relates back to the date that Heard signed his original Complaint, *i.e.* February 20, 2019,[1] Heard filed suit approximately four

---

[1] Under the mailbox rule, a *pro se* prisoner's complaint alleging claims under § 1983 is deemed filed on the date that he delivers it to prison officials. *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Unless otherwise indicated, a pleading is presumed to have been delivered to prison officials on the date that the *pro se* prisoner signed it. *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (per curiam) (applying the prison mailbox rule to a 28 U.S.C. § 2255 motion). Here, Heard appears to have signed his original Complaint on February 20, 2019.

and a half years after the limitations period applicable to each of his claims began to run.  Moreover, Heard does not allege, nor does the record demonstrate, that any of Florida's or Georgia's tolling provisions apply in this case.  Heard's § 1983 claims therefore are barred by Florida's four-year and Georgia's two-year statutes of limitations for personal injury actions, and his state claims are barred by Florida's and Georgia's four-year statutes of limitations for actions alleging fraud.  Accordingly, we affirm the district court's dismissal of Heard's Amended Complaint.

**AFFIRMED.**