[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11572

Non-Argument Calendar

_____

MAURICE J. JACKSON,

Plaintiff-Appellant,

*versus*

KEN SCOTT,
COACH SIDWELL,
SCOTT WALKER,
FRANK HELPER,
JOHN DOE #1, et al.,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-62656-WPD

———————————————

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Maurice Jackson, a plaintiff proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e), as well as the district court's denial of his Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. Because Jackson's claims against the defendants are untimely, we affirm.

## I.

Several decades ago, Maurice Jackson played high school football at several Broward County, Florida high schools. Now forty-seven years old, he is currently a prisoner of the state of Florida where he has been incarcerated continuously for the last sixteen years. Sometime during the years 2018 and 2019, Jackson became aware of chronic traumatic encephalopathy and its association with football after reading several news articles and watching television programs on the topic.

After learning of CTE, Jackson sued Ken Scott, his head football coach during his junior and senior year, the school board of Broward County, Florida, the Florida High School Athletic Association, and several other known and unknown individuals affiliated with the school board and FHSAA. He sued under Section 1983, alleging that the defendants violated his due process right to bodily integrity and showed deliberate indifference to his medical needs while he was a member of several Broward County high school football teams, in violation of both the federal and Florida state constitutions.

Specifically, Jackson alleged that football games and practices he participated in required him to absorb consistent, sudden, and violent blows to his head. He describes two specific instances that occurred during games played in September 1990 and September 1991, respectively, where he suffered blows severe enough to cause disorientation, a "ringing" sensation, hearing loss, nausea, and vomiting. Despite those symptoms, he alleges that his coaches encouraged him to continue playing. He asserts that these instances, as well as other blows suffered throughout the time he played football, caused him to suffer long term brain damage and other symptoms consistent with CTE.

Because Jackson was proceeding *in forma pauperis*, the district court screened his complaint under 28 U.S.C. § 1915(e)(2) and dismissed it as untimely. 28 U.S.C. § 1915(e)(2)(B)(ii). The district court concluded that because Jackson sued under Section 1983, his claims were subject to a four-year statute of limitations borrowed

from Florida tort law. The district court held that Jackson's claims accrued in 1991, the date of the latest incident forming the basis of his complaint. It concluded that the statute of limitations began to run at that time, that it had clearly expired, and that Jackson had therefore failed to state a claim upon which relief could be granted.

Jackson filed a timely Rule 59(e) motion to alter or amend the judgment, which the district court denied. Jackson appealed.

## II.

We divide our discussion into two parts. First, we address the district court's dismissal of Jackson's complaint under Section 1915(e). Second, we address the district court's denial of Jackson's motion to alter or amend the judgment. We affirm the district court on both issues.

The district court dismissed Jackson's complaint under Section 1915(e) for failure to state a claim on which relief can be granted on the grounds that Jackson's claims were untimely. On appeal, Jackson argues that his claims are timely because CTE is a "degenerative disease" that "may not manifest to any medically detectable degree for many years." We disagree.

We review a Section 1915(e)(2)(B)(ii) dismissal *de novo* and take all allegations in the complaint as true. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A district court may dismiss a complaint for failure to state a claim if it is apparent from the face of the complaint that the applicable statute of limitations bars the claim.

*United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021).

We also review the district court's interpretation and application of the statute of limitations *de novo. Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006). The statute of limitations for Section 1983 claims is borrowed from the forum state's residual personal injury statute of limitations, which in Florida is four years. *McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020); *see also* Fla. Stat. § 95.11(3)(p).

A Section 1983 cause of action accrues, and the statute of limitations begins to run, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *McGroarty*, 977 F.3d at 1309 (quoting *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011)). This requires only that the plaintiff know or should know (1) that he has suffered an injury that forms the basis of his action and (2) who has inflicted the injury. *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003).

Here, the district court did not err in dismissing Jackson's Section 1983 claims as untimely. Jackson filed his complaint decades after his career as a high school football player ended. According to his own allegations, symptoms from the injuries forming the basis of his action were "clear" when the injuries occurred. They were so obvious that a television reporter approached the sideline during the 1991 game concerned about Jackson's "apparent and visibly injured condition." Jackson's own argument that his coaches

showed deliberate indifference is premised on the allegation that his injuries during the 1991 game were "obvious" and "significant." And he knew the identities of the individuals that allegedly inflicted his injuries by urging him to continue playing in the game. In sum, the facts that he now relies on to support his Section 1983 action were apparent to him in 1991. That is when his cause of action accrued, and the statute of limitations began to run. *Chappell,* 340 F.3d at 1283. Because approximately twenty-nine years passed between the time his cause of action accrued and when Jackson filed his complaint, Jackson's claims are untimely, and we affirm the district court's dismissal under Section 1915(e)(2)(B)(ii).

The district court also denied Jackson's Rule 59(e) motion to alter or amend the judgment. We review the denial of a Rule 59(e) motion for abuse of discretion. *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299, 1317 (11th Cir. 2013). Under this standard, we will affirm unless we find the district court has made a clear error of judgment or has applied the wrong legal standard. *Eghnayem v. Boston Sci. Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017). A Rule 59(e) motion may only be granted on the grounds of newly discovered evidence or manifest errors of law or fact. *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). A Rule 59(e) motion may not be used to relitigate old matters or to raise arguments that could have been raised prior to the judgment. *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

Here, the district court did not abuse its discretion by denying Jackson's Rule 59(e) motion, as Jackson did not show that the

court made a clear error of judgment or applied the wrong standard in dismissing his Section 1983 claims as untimely. Though Jackson recently learned of additional long-term consequences of his football injuries, he nevertheless alleges that his injuries were apparent to him and to others in 1991. Furthermore, because the district court dismissed all of Jackson's Section 1983 claims over which it had jurisdiction, it did not err by declining to exercise supplemental jurisdiction over any remaining state constitutional claims. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1185 (11th Cir. 2003) (a district court may decline supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction") (quoting 28 U.S.C. § 1367(c)(3)).

**AFFIRMED.**