[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11774

Non-Argument Calendar

_____

EDDIE FORD, JR.,

Plaintiff-Appellant,

*versus*

FRANK GRISWALD,
A. GARRETT,

Defendants-Appellees,

LOVELESS JOHNSON,

Defendant.

———————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cv-00083-MHT-SRW

———————————

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Eddie Ford, Jr., proceeding *pro se*, appeals the district court's order dismissing as time-barred his complaint alleging that prison officials violated his due process rights by removing his good-time earning status. Specifically, Ford alleges that prison officials violated his civil rights in 1991 when the Alabama Department of Corrections removed his good-time earning status. He argues that he timely filed his complaint because he was entitled to tolling of the two-year statute of limitations while he pursued related relief in state court.

We review *de novo* the district court's interpretation and application of the applicable statute of limitations. *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006).

All constitutional claims brought pursuant to 42 U.S.C. § 1983 are considered tort actions that are subject to the statute of limitations governing personal injury actions in the state where the Section 1983 claim is filed. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *see also Wallace v. Kato*, 549 U.S. 384, 394 (2007) (holding that state law also determines statutory tolling rules in Section 1983

actions). In Alabama, the governing statute of limitations is two years. *McNair*, 515 F.3d at 1173. In general, after a limitations period has run, the action is barred, regardless of the merits of the plaintiff's claims. *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). But, under the doctrine of equitable tolling, the statute of limitations is paused "when a litigant has pursued his rights diligently, but some extraordinary circumstance prevents him from bringing a timely action." *Fedance v. Harris*, 1 F.4th 1278, 1284 (11th Cir. 2021) (quotation marks omitted).

Assuming without deciding that pursuing relief in state court tolls the Section 1983 statute of limitations, the district court did not err in concluding that Ford's complaint was time-barred. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Construed liberally, Ford argues that he is entitled to equitable tolling based on litigation in state court. But he filed this complaint nearly 30 years after the events that triggered the statute of limitations. The record also establishes that he was not pursuing any state court remedies between 1996 and 2008. Accordingly, Ford's state court actions do not render the late complaint timely within Alabama's two-year statute of limitations.

**AFFIRMED.**