[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12839
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cv-61639-BB

TODD E. WATSON,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF'S OFFICE,
BROWARD COUNTY STATE ATTORNEY'S OFFICE,
BROWARD COUNTY INTERNAL AFFAIRS OFFICE,
FOUR U.S. MARSHALLS,
AL LAMBERTI, et. al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2020)

Before WILLIAM PRYOR, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Todd E. Watson appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint without prejudice as frivolous and for failing to state a claim. We affirm.

## I. BACKGROUND

Watson filed a *pro se* 60-page complaint naming 52 defendants "in their individual and professional capacities," including the Broward County Sheriff's Office, the Broward County State Attorney's Office, the Broward County Internal Affairs Office, unnamed United States Marshals, current and former sheriffs of Broward County, law enforcement officers employed by the Broward County Sheriff's Office, the Broward County and Miami-Dade County State Attorneys, Broward County and Miami-Dade County Assistant State Attorneys, the Broward County and Miami-Dade County public defender, current and former Broward County and Miami-Dade County Assistant Public Defenders, judges on Florida's 17th Judicial Circuit, court reporters employed by the 17th Judicial Circuit, six "private actors who acted in concert with State actor's [sic] to deprive Defendant of his constitutionally protected rights," and a Florida Supreme Court justice. Watson stated that he sought damages arising from his March 2009 arrest by

2

Broward County Sheriff's officers and a resulting ten-year-long conspiracy to violate his constitutional rights.

In Count One, he alleged that Broward County Sheriff's officers falsely arrested him in 2009 for fabricated charges related to his management of a pain clinic and fraudulent prescriptions written to William Steers, one of the "private actor" defendants. In Count Two, Watson realleged the previous 33 paragraphs and claimed that all of the individual defendants conspired to deprive him of his rights under 42 U.S.C. § 1983, beginning with his 2009 arrest and continuing through various criminal proceedings in 2011, 2012, 2014, 2015, 2017, 2018, and 2019, in violation of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. In Count Three, he realleged the previous 120 paragraphs, and claimed malicious prosecution by Broward County law enforcement arising from his 2009 arrest. In Count Four, he realleged the previous 124 paragraphs and claimed intentional infliction of emotional distress by all defendants. In Count Five, he realleged the first 125 paragraphs and claimed spoliation of evidence related to his 2009 arrest. In Count Six, he realleged the previous 127 paragraphs and claimed prosecutorial misconduct by Broward County Assistant State Attorneys during his 2009 and 2014 criminal proceedings. Watson also attached numerous exhibits, totaling 1,718 pages.

The district court conducted a preliminary review pursuant to 28 U.S.C. § 19 15(e) and dismissed Watson's complaint without prejudice as frivolous and for failing to state a claim.  The district court stated that the complaint was a shotgun pleading, the defendants were immune from liability, the claims based on events occurring prior to 2015 were barred by the statute of limitations, and the claims were otherwise baseless.

On appeal, Watson's brief fails to present an argument as to how the district court erred in dismissing his complaint without prejudice.  Instead, Watson's brief makes conclusory arguments that "the indisputable facts surrounding the circumstances of [his] instant brief presents many issues of first impression."  The argument portion of his brief consists of allegations of fact pertaining to the crimes committed against him during the alleged conspiracy and he cites no cases pertaining to the district court's *sua sponte* dismissal of his complaint.

## II. DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the district court shall dismiss any case filed *in forma pauperis* that: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

We review for abuse of discretion a district court's *sua sponte* dismissal for frivolity under § 1915(e)(2)(B)(i).  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir.

4

2003). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (internal quotation marks omitted) (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)). Pursuant to § 1915(e)(2)(B)(i), the district court is required to dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Dismissal for frivolity is warranted when a claim is "based on an indisputably meritless legal theory" or when it relies on factual allegations that are "clearly baseless," which includes allegations that are "fanciful," fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 109 S. Ct. 1827, 1831, 1833 (1989)). Additionally, a claim may be dismissed as frivolous when it appears that a "plaintiff has little or no chance of success." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A district court's *sua sponte* dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is reviewed *de novo*, using the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals. *Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*, 129 S. Ct. at 1949.  A plaintiff must provide more than labels and conclusions to show he is entitled to relief.  *Id.*, 129 S. Ct. at 1949.  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  Ordinarily, where a more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The statute of limitations for § 1983 claims corresponds to the state personal injury statute of limitations, which in Florida is four years.  *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

6

Here, the district court correctly concluded that many of Watson's claims were barred by the statute of limitations.  Counts One, Three, Five, and Six were based exclusively on conduct occurring prior to 2015 and, thus, were barred by the four-year statute of limitations.  *See id.*  To the extent that Count Two is based on claims occurring in 2015, 2017, 2018, and 2019, the district court correctly dismissed them as baseless because Watson offered only conclusory statements regarding "fanciful," fantastic," and "delusional" scenarios wherein the judges, state attorneys, public defenders, and law enforcement of Broward County and Miami-Dade County conspired to arrest and prosecute him based on fabricated charges.  *See Denton*, 504 U.S. at 32-33, 112 S. Ct. at 1733 (quoting *Neitzke*, 490 U.S. at 325, 327, 109 S. Ct. at 1831, 1833).  Finally, because the district court dismissed Watson's complaint without prejudice, it did not err in failing to provide him an opportunity to amend before dismissing his complaint.  *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) ("[T]he court dismissed this particular claim without prejudice, granting the [plaintiff] leave to amend the complaint a second time, thereby neutralizing one of our concerns regarding *sua sponte* dismissals.").

**AFFIRMED.**